In the Matter of CHARLES MOTTA, Petitioner, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.

In the Matter of CARL JULIANO, Petitioner, against TEMPORARY STATE HOUSING RENT COMMISSION, Respondent.

Supreme Court, Special Term, Bronx County, August 4, 1951.

*Max Schiff* for petitioners.

*Robert H. Schaffer* for respondent.

*Frank J. Zeccola* for Teofil Robinson and another, landlords.

MATTHEW M. LEVY, J. These are two proceedings pursuant to article 78 of the Civil Practice Act to review two determinations of the State Rent Administrator, each dated June 5, 1951, affirming orders of the Local Rent Administrator, dated February 8, 1951, which orders granted certificates of eviction affecting two apartments in a six-family house known as 1128 Ftely Avenue, Borough of Bronx. On February 8, 1951, the Temporary State Housing Rent Commission made two orders granting certificates of eviction to the landlord on the ground that the landlord required one apartment for his own use and one apartment for the use of a married member of his family. The two petitioners filed protests with the State Rent Administrator, and on June 5, 1951, the administrator made orders denying the protests and affirming the orders of the local rent administrator. The petitioners allege that the orders and their affirmation were erroneous and that the rulings of the rent administrator were arbitrary and not supported by the undisputed facts.

The landlord filed applications for certificates of eviction under the provisions of subdivision 1 of section 55 of the State Rent and Eviction Regulations, which, as amended, on March 15, 1951, provide: " A certificate shall be issued where the landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family. As used in this paragraph the term ' immediate family ' includes only a son, daughter, father or mother. Provided, however, that where the housing accommodations are located in a one or two family house and

the landlord seeks to recover possession for his own personal use an immediate and compelling necessity need not be established.''

The basis of the application in one case was the sale of the landlord's former home. One of the conditions of this contract of sale was that the seller (the landlord herein) vacate the apartment in said premises in which he resided within ninety days or forfeit $1,000. The landlord before the expiration of this ninety-day period vacated the apartment and has since been living in a furnished room. Because of the fact that the landlord had intended to reside in this furnished room in the home of a nephew for a short time he has been compelled to move three times since the institution of this proceeding. While he and his wife lived in this furnished room he shared the kitchen facilities with his relatives. For this room he was obliged to pay $22 a week for lodging alone. The landlord therefore applied for a certificate of eviction upon the ground that he seeks the subject apartment in good faith for his own personal use and occupancy.

The landlord seeks the other apartment for the use and occupancy of his son and daughter-in-law and their two children. At the time that proceeding was commenced, the son occupied an apartment in Far Rockaway, Long Island, New York, for which the rental during the winter months was $55 monthly. However, in view of the fact that Far Rockaway is a summer resort this rental was substantially increased during the summer season. The son could not afford this increased rental and was compelled to move on April 30, 1951. He is presently occupying a furnished room in New York City, and his wife and children are at Kingston, New York, where they live with their grandparents. The son's family furniture is stored in the basement of the premises on Ftely Avenue.

The tenants allege bad faith and lack of immediate and compelling necessity, and urge that the sale of the former home was a fraudulent sale and in any event that the need of the landlord was self-created because he sold his former house for a profit. They allege further that the landlord's desire for eviction was not in good faith but spiteful, inasmuch as he tried and failed to obtain rent increases from the tenants, and that he had disputes and legal proceedings with them. Various other issues were raised by the tenants questioning the good faith of the landlord and denying the existence of any immediate and compelling necessity in either case. As a result the local rent administrator held conferences which all the necessary parties

attended with their attorneys, and where all were afforded the fullest opportunity to be heard.

The local rent administrator found that the landlord's evidence rebutted the allegations of the tenants *in toto,* and determined that good faith existed and that there was an immediate and compelling necessity. As a result, the local rent administerator found that the landlord's applications came within the appropriate provisions of subdivision 1 of section 55 of the State Rent and Eviction Regulations, and granted orders of eviction. Thereafter the tenants filed protests with the State Rent Administrator who, in a *de novo* determination, found that the landlord's applications were made in good faith and were based on immediate and compelling necessity, and that the tenants' allegations to the contrary were rebutted by the evidence of the landlord. The tenants' protests therefore were denied.

The court has studied the records of both proceedings, which were argued before me together. The landlord and his wife are now living in a furnished room. The administrator found the sale bona fide, and such sale is not *ipso facto* the self-creation of the necessity. The administrator resolved this issue of self-created necessity under State Rent Administrator's Opinion No. 68, which is to the effect that the fact that the landlord had previously sold housing accommodations owned and occupied by him does not in and of itself raise any presumption that he is proceeding in bad faith. Insofar as the son's immediate and compelling necessity is concerned, that was determined by the administrator on the ground that the three-room apartment occupied by the landlord's son and his wife and two children in Rockaway was overcrowded; that the son could not afford summer resort rentals because he was unemployed; that the son's family was separated in the summer by some of them going to Kingston, New York, and the son remaining here; and that because the landlord's wife is an arthritic, she needs the physical help of her son and daughter-in-law living in the same residential premises.

The landlord's case for his own apartment is clear and convincing. I am not as impressed with the case so far as the apartment for his son is concerned. But these matters were not presented to me as an administrator charged with making a determination as the trier of the facts. They came before me as a Judge, whose function is controlled by the law governing such matters.

At the outset, I want to say that the scope of judicial review in a case such as this is limited. In recognition of the well-established law on the subject of a challenge at law of an administrative determination, the Legislature has provided in section 8 of the act (State Residental Rent Law; L. 1946, ch. 274)— " 2. No such regulation or order shall be enjoined or set aside, in whole or in part, unless the petitioner shall establish to the satisfaction of the court that the regulation or order is not in accordance with law, or is arbitrary or capricious."

I cannot find, in the light of the provisions of subdivision 1 of section 55 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, that the actions of the local rent administrator and of the State Rent Administrator were not in accordance with law or were arbitrary or capricious. "The administrative determination is to be accepted by the courts ' if it has " warrant in the record " and a reasonable basis in law '. * * * ' The judicial function is exhausted when there is found to be a rational basis for the conclusion approved by the administrative body ' " (*Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108). The " landlord complies with the statute's demands if he seeks the eviction with the honest intention and desire to gain possession of the premises for his own use "—or for that of his immediate family (*Matter of Rosenbluth* v. *Finkelstein,* 300 N. Y. 402, 405).

Accordingly, the petitions must necessarily be dismissed.