Samuel Dickstein, J.
Upon this motion to stay arbitration, it appears that petitioners purchased certain goods from respondent under contracts executed between January 31 and February 15, 1951. In each contract the price is stated as “ seller’s ceiling price at the time of delivery.” In addition, on all contracts, except that of petitioner A. W. Schaffres, there is stamped thereon the following legend: ‘ ‘ Prices on any undelivered portion of this contract are subject to increase by the amount that any new Federal and/or State legislation affects seller’s costs; and by the amount of any increase in seller’s costs due to increase in labor or any other manufacturing cost.” Before delivery of any of the merchandise under the contracts, petitioners advised respondent that they considered the contract illegal as in violation of the then existing ceiling price regulations issued by the Office of Price Stabilization and the Defense Production Act of 1950 (U. S. Code, tit. 50, Appendix, § 2061 et seq.). Under those regulations all sellers of commodities were prohibited from selling or contracting to sell goods at a price in excess of the seller’s ceiling price established under that regulation, which ceiling price was the highest price charged by the seller for deliveries of the same commodity during the base period specified, namely, December 19, 1950 to January 25, 1951, inclusive.
There is no contention here that the respondent is attempting to recover more than the legal ceiling price. Petitioners urge that the contracts are illegal in that when executed they violated the general ceiling price regulation, and further that the hand-stamped provision in the contract above referred to makes the contracts illegal.
I find no sound basis for these contentions. Primarily, it should be noted that the precise questions here presented were decided adversely to petitioners’ contentions by my learned colleague, Mr. Justice Valente, in Matter of Marcus Converting Corp. v. Luther Mfg. Co. (113 N. Y. S. 2d 827). Apart from the persuasive effect of that decision, which I am inclined to follow, my own consideration of the merits convinces me that there is *102 no illegality in the contracts and that the motion to stay arbitration must be denied.
The provision in the contracts for “ seller’s ceiling price at the time of delivery” not only does not violate the law but appears to be a most proper method for protecting both buyer and seller against price fluctuations under the ceiling price regulations. For the parties to have fixed a definite price in their contracts would have involved the risk of making the contracts illegal had the ceiling price been changed. (Matter of Kramer & Uchitelle, Inc., 288 N. Y. 467.) The use of the method adopted herein to fix the price at time of delivery was an obvious attempt to conform to all price requirements which might be altered during the life of the contract by the vicissitudes of changing price regulations. This honest effort by business men to achieve legality should, and will, not be perverted into a result which stamps their acts as illegal.
By Amendment 6 to section 22 of the General Ceiling Price Regulations, effective March 19, 1951, it was provided that “ Nothing in this regulation shall be construed to prohibit the making of a contract or offer to sell a commodity or service at (a) the ceiling price in effect at the time of delivery, or (b) the lower of a fixed price or the ceiling price in effect at the time of delivery.” (Code of Fed. Reg., tit. 32A [rev. 1951], § 22; 16 Fed. Reg. 2546.) Petitioners urge that this amendment demonstrates that contracts made before its effective date were illegal. However, I adopt respondent’s contention that the amendment was a mere clarification of the existing law, and not a change thereof. Such was the interpretation given to that amendment by the Office of Price Stabilization in its opinion of February 11, 1952. That administrative interpretation of the price regulations should be given great weight by the courts.
There is no merit to the point that the hand-stamped provision of the contracts makes them illegal. They must be read with the remaining provisions of the contract as to price, and when so read there is implicit the condition that in no event could the price be more than the legal ceiling price at the time of delivery.
Motion is denied. Settle order.