In the Matter of KATHY REALTY CORP., Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— On application by the tenant of an apartment in a building owned by petitioner for a decrease in rent based on petitioner's failure to paint the tenant's apartment within two years of the last painting, the monthly rent of the apartment was reduced. In an article 78 proceeding to review the determination of the State Rent Administrator, Special Term annulled the determination on the grounds that (1) the petitioner was required to paint the tenant's apartment every three years because that was the practice prior to March 1, 1950; (2) even if the painting custom prior to March 1, 1943, governed, the overwhelming preponderance of evidence was that the custom as of that date was to paint every three years. The Administrator appeals. Final order reversed on the law and the facts, with $10 costs and disbursements, and proceeding dismissed. The Administrator's interpretation of the pertinent provisions of the State Residential Rent Law (§ 4, subd. 1, par [b]; subd. 5, par. [b]; L. 1946, ch. 274, as amd.) and of his own regulations (Rent and Eviction Regulations, § 23) is to the effect that the painting practice which existed on March 1, 1943, governs, and not the painting practice which existed on March 1, 1950. That interpretation being reasonable, the courts may not disturb it. (*Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70, 75; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108; *Matter of Marburg* v. *Cole*, 286 N. Y. 202, 212.) There is substantial evidence to support the Admin-

istrator's finding that there existed on March 1, 1943, a two-year painting practice with respect to the tenant's apartment. Under these circumstances, the findings may not be disturbed. (*Matter of Avon Bar & Grill* v. *O'Connell,* 301 N. Y. 150, 153; *Matter of Stork Restaurant* v. *Boland,* 282 N. Y. 256, 267.) Nolan, P. J., Carswell, Adel, MacCrate and Beldock, JJ., concur.