In the Matter of MAYFAIR-YORK CORP., Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, October 18, 1954.

*Walter Wodinsky* for petitioner.

*Walter S. Fried* and *John V. Browne* for respondent.

*Louis M. Isaacs, Jr.,* and *William L. Messing* for Henry Cassidy and others, interveners-tenants.

MATTHEW M. LEVY, J.   This is an article 78 proceeding to review and annul the final determination of the State Rent Administrator which denied the petitioner-landlord certificates of eviction against some eight tenants of the multiple dwelling premises at No. 36 Gramercy Park East in Manhattan.   Eviction was sought in pursuance of section 57 of the State Rent and Eviction Regulations.   Among other things, that section provides that when a landlord seeks to oust a tenant from an apartment so that it might be subdivided, the apartment must contain six or more rooms exclusive of bathrooms and kitchen, and may be deemed under-occupied when there is less than one occupant for each room, exclusive of bathrooms, kitchen and three additional rooms.

On the issues generally as to the number of rooms and the number of occupants, no extended recitation of the facts need be made, nor is any comment here required.   The matter was one for proof before the administrator and it is not the function

of the court in this proceeding to retry the factual issues. There are however some rulings that were made by the commission to which the landlord specifically objects, and urges them to be arbitrary, capricious and violative of law, which I deem worthy of mention. I shall take them up seriatim.

Objection is made that the administrator's findings were refuted by the documentary proof of the building plans. The objection is specious. In attempting to show that the apartments were under-occupied, the petitioner relied exclusively on the plans of the building showing the makeup of the apartments at the time the structure was built many years ago. No one testified on the petitioner's behalf as to the room count of the various apartments as they existed at the time the present tenancies were created or as they presently exist. There was no proof presented by the petitioner as to whether the present apartments conform to the building plans. In contrast to this evidence, the administrator's findings were based on the testimony of an expert mechanical engineer corroborating the tenants' room count and a report of inspection made by the administrator's agent. The plans showing the layout of the apartments are not controlling in this situation. They merely reflected, at most, the dimensions of the rooms and the subdivision of the apartments when the building was erected. Structural alterations made by petitioner's predecessors changed the entire character of the apartments so that they no longer conformed to the plans. Partitions between rooms had been removed and space taken from some apartments and added to others. According to the evidence all the apartments involved in this application had been altered to some extent prior to the present tenancies. Since the proof established that the present occupants rented the apartments as now laid out, the administrator could lawfully predicate his findings on the actual physical facts.

In counting the number of rooms in an apartment, the administrator ruled that a " foyer " was not to be included, and this is urged upon me as constituting such error as to require upsetting the determination. Section 57 of the Regulations does not define the meaning of the word " room ". It is obvious that a determination of the issue must depend upon the facts in any particular case. In arriving at his conclusion, the administrator relied upon all the evidence before him — the building plans, the emergency registrations, testimony as to use and occupancy, and as to the physical layout — as well as a personal inspection of the premises. He held that the area designated as a " foyer " does not constitute a room (even though somewhat large) since

it was entirely enclosed by other rooms in the apartment, and its use was merely incidental to the utilization of the type of apartment here involved. It cannot be said that the administrator's findings on the evidence that the foyers may not be counted as rooms within the meaning of section 57 is arbitrary or capricious or contrary to law. While the size of the foyer, in the instant case, would justify it being counted as a room under the definition of section 31 (subd. 5, par. b) of the Multiple Dwelling Law, nevertheless it does not meet the requirements of subdivision 2 of section 213 of that law in that the foyer is windowless.

The petitioner claims that two children of the tenant in one of the apartments should not be considered occupants since they are away from home during the school year, and thus do not during that period use the room. The claim is untenable. Their absence during that period does not establish abandonment of the domicile with their parents. The evidence conclusively shows that they continue to reside in the apartment at all times when not at school. As to State citizenship, tax obligations, voting rights — to mention some juridical concomitants of residence — the home of the student is here, not at the school he may be attending. And while it is one of the appropriate purposes of section 57 of the Regulations to increase room space for tenant occupancy (as well as to increase income return to landlord ownership) the section should not be invoked by compelling students to remain away from home during vacation and recess periods and thus deprive them of the beneficent privileges of family life.

Nor was the administrator arbitrary or capricious in counting as an individual person each of two young children of a tenant occupying separate rooms. The argument of the petitioner on this point is that it " was an abuse of discretion for the Administrator to allow one room for each child for the reason that both children could occupy one room ". It is not so simple for me as a matter of law to count two human beings (even youngsters) as one. Does not age or sex or health or habits or interest or relationship have any bearing on this matter? I think so, and without question. Perhaps other factors too should be taken into account, all dependent upon the circumstances in each case. And that is what the administrator has done here. The burden, I hold, should be upon the petitioner to justify such a drastic change in our ancient knowledge of life and mathematics as to make one person out of two. That burden cannot be met by the mere promulgation of a plan to make two apartments out of one.

The petitioner in this case has utterly failed to present adequate proof in support of its case either before the State Rent Administrator or before the court.

Keeping in mind the limited permissible sphere of judicial review in a proceeding such as this (*Matter of Motta* v. *Temporary State Housing Rent Comm.*, 202 Misc. 341, 344–345) the petitioner's application to vacate the determination is in all respects denied. Order signed.