Matthew M. Levy, J.
This is an article 78 proceeding-brought by a landlord to review the action of the State Rent Administrator in adjusting downward the maximum rent of an apartment.
In what might be considered a generous understatement, the respondent has stated in his brief that this case is a “ maze of administrative proceedings and a record perhaps encumbered by undue prolixity ”. I shall endeavor to sketch the issues as *70 simply and briefly as possible. The questions presented by the two protests of the landlord are (1) whether there has been a decrease in service (lack of painting) and (2) whether there has been an increase in equipment (installation of refrigerator).
(1) The local administrator reduced the rent on November 4, 1954 for refusal of the landlord to paint upon the demand of the tenant. The landlord alleges that on December 1, 1954 she offered to paint. In the intervening period the tenant had painted at her own expense. This tenant has lived in the subject apartment since 1935. The petitioner bought the four-family house in August, 1952. The petitioner’s predecessors in title, when they owned the house, painted the apartment at their expense practically every two years during the period from March, 1938 through March, 1948; the last painting had been done after three years, in 1951. Thus, in substance, the actual practice prior to March 1, 1943, the Federal freeze date, was to repaint every two years. Aside from the evidence in respect to this apartment, there is the presumption — applicable to a multiple dwelling in New York City — that the practice on March 1, 1943 was to repaint every two years. It cannot be said on this record that the commission could not determine that this presumption was unrebutted. The landlord’s obligation to paint was clear (Matter of Kathy Realty Corp. v. McGoldrick, 281 App. Div. 850). It was proper, therefore, for the commission to reduce the rent for lack of painting. The reduction (of $4.25, about 10% a month) cannot be considered arbitrary in amount (Matter of Paley v. McGoldrick, N. Y. L. J., June 17, 1953, p. 2035, col. 5). With respect to the landlord’s application for restoration of rent because of her offer to paint, such offer was untimely — since it was made after issuance of the reduction order. It would appear that the landlord (who lives in the same house)- waited until the tenant had completed the paint job on her own before the landlord made the offer — with the likely purpose of avoiding not only the reduction but also the painting as well.
(2) The landlord’s application for a rent increase for the installation of an allegedly new refrigerator was likewise denied. The commission found the refrigerator not to be a new one. It appears that the refrigerator was old when the application was filed, and already used by another when installed here. It was given to this tenant when it was removed from another apartment, three years after purchase, upon the tenant executing a new lease in April, 1952 with a rent increase from $38 to $43 per month. The installation of the used refrigerator may be considered a replacement of the one that the landlord *71 was already obliged to provide by the registration (Matter of Schneider v. McGoldrick, N. Y. L. J., Jan. 13, 1953, p. 121, col. 6) or the tenant’s obligation therefor was merged in the new lease (Matter of Occkicone v. McGoldrick, N. Y. L. J., Aug. 22, 1952, p. 295, col. 4).
I see no need to go into the facts further than I have. Suffice it to say that I have carefully studied all the papers in this voluminous file, and that I have come to the considered conclusion that there is adequate warrant in the record for the determinations made by the Administrator. It cannot be held by the court that there was not a decrease in service in regard to the painting; and it cannot be held by the court that there was any increase in equipment for which the tenant had expressly or impliedly agreed to make extra payment, aside from the lease increase. Under the circumstances presented, the application is without merit, and it is accordingly denied and the petition dismissed. (Matter of Motta v. State Housing Rent Comm., 202 Misc. 341, 345.)