In the Matter of Dorothy Feinberg, Petitioner, against Charles Abrams, as State Rent Administrator, et al., Respondents.

Supreme Court, Special Term, Bronx County, July 16, 1955.

*Edward Davis* for petitioner.

*Hortense W. Gabel* and *Robert H. Schwartz* for respondents.

MATTHEW M. LEVY, J. The State Rent Administrator has found as a fact on sufficient evidence that the privilege theretofore granted to the tenant to install a television antenna — which had resulted in an approved rent increase — was not and will not be utilized. In the circumstances here, the tenant was not frozen into that rent increase. This is not a case where the landlord has delivered something or spent anything in carrying out the grant of increased services. Since the tenant did not desire to avail himself of the right, he could (I think) have applied to the administrator to have been placed in *status quo*, and this application might lawfully have been favorably entertained by the commission, depending upon the specific facts presented. Fundamentally, it should make no difference whether the prior order granting the increase is revoked or a new order is made directing a decrease.

The Administrator may well have concluded that the policy of the act generally would be frustrated if rent increases in circumstances such as these were allowed to stand. When he came to the conclusion that the mere paper grant of the privilege — though permanently unused — should not be a basis for a permanent rent increase, he did not act unreasonably, capriciously, arbitrarily or in violation of law. (Cf. *Matter of Motta* v. *State Housing Rent Comm.*, 202 Misc. 341, 345; *Matter of Brown* v. *McGoldrick*, 203 Misc. 1027, 1029, and *Matter of Mayfair-York Corp.* v. *McGoldrick*, 206 Misc. 925, 929, affd. 285 App. Div. 945.)

Accordingly, the landlord's petition to annul the determination of the State Rent Administrator — by which ruling the tenant was granted a rent decrease in the precise amount of the prior increase — is denied, and the proceeding is dismissed. Order signed.