D, Ormonde Ritchie, J.
This is an action instituted by plaintiff wife to annul the marriage of the parties. The gravamen of the cause of action alleged in the complaint is that the plaintiff was induced to enter marriage with the defendant upon his representation that immediately after the marriage he would provide a home for himself and plaintiff, as well as any issue of the marriage. Plaintiff’s evidence upon the trial established that plaintiff and defendant were intermarried on November 19, 1955. That she knew the defendant for some three years prior to the marriage. That he had no trade and was an unskilled worker. That after a short honeymoon the parties established a residence in a five and one-half room upstairs apartment in the home of defendant’s mother. That during the time the parties lived together, the defendant gave plaintiff no money for household expenses or otherwise. That in May, 1956, plaintiff left defendant and since that time has refused to live or cohabit with him. To establish defendant’s fraudulent representations and his intent to deceive plaintiff statements made by defendant were testified to by various members of plaintiff’s family whose testimony was taken at the trial. The statement attributed to have been made by defendant when asked about his promises to maintain and support plaintiff were in substance that they were made in order to induce plaintiff to marry defendant. Other facts were established by the proof, a recital of which serves no useful purpose. At the close of plaintiff’s case, the defendant made a motion for dismissal of the complaint for failure of proof. While the court is not unsympathetic to the plight in which the plaintiff now finds herself, the evidence advanced by plaintiff is insufficient to annul her marriage to defendant. The fraud upon which plaintiff relies, as ground for annulment consists of representations made by defendant that he would provide a home for plaintiff and support her and any issue of the marriage in order to obtain her consent to the marriage. Support and maintenance of a wife and the children of a marriage are obligations that are thrust upon a husband and father as a matter of law and fixed upon entry into marriage. No promise is required to fix a husband’s obligation to support his wife and children. The obligation is fixed by law. Evasion *675 of that obligation, willful or otherwise, does not entitle a wife to an annulment of marriage. Separation would be the proper remedy. Marriage is a solemn contract. It is not one that may be lightly dissolved. Where the ground relied upon for dissolution is fraud, the fraud contemplated by the statute must be of a nature and import so serious that it destroys the essence of the marriage contract and of a magnitude that the person asserting the fraud as a ground for dissolution would not have entered the marriage contract, if in advance thereof, the misrepresentations had been revealed. Herein a home was promised for plaintiff. The plaintiff was aware of defendant’s income producing limitations. That the home or the support provided did not meet with her expectations, or to go a step further, that there was a total absence of support, does not constitute sufficient grounds to annul the marriage.
The defendant’s motion to dismiss the complaint at the close of the plaintiff’s case is granted. Submit judgment accordingly.