In the Matter of PATROLMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK et al., Appellants, against ROBERT F. WAGNER, Individually and as Mayor of the City of New York, et at., Respondents.

First Department, June 30, 1959.

*Mortimer B. Wolf* of counsel (*Charles Ballon, Harold Fried-man* and *Hazel B. Mack; Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for appellants.

*Edward A. Doberman* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondents.

*John W. Condon, Jr.,* for Police Conference, State of New York, *amicus curiæ.*

McNALLY, J.  Petitioners appeal from an order of Special Term, in a proceeding under article 78 of the Civil Practice Act, which denied, without prejudice, an application for an order (1) annulling a determination of the respondent Commissioner of Labor of the City of New York to the effect that the grievance provisions of Executive Order No. 49 formulated by the respondent Mayor of the City of New York are not applicable to the Police Department of the City of New York; (2) directing respondent Commissioner of Labor of the City of New York to certify to the respondent Mayor of the City of New York, pursuant to the provisions of Executive Order No. 49, that the respondent Police Commissioner of the City of New York has "wilfully failed" to comply with the provisions thereof; and

(3) directing the respondent Mayor of the City of New York and the respondent Police Commissioner of the City of New York to establish a grievance procedure for the Police Department of the City of New York.

The court below dismissed the application, without prejudice, upon the stated ground that the respondent Mayor of the City of New York was considering other ways and means of dealing with the grievances of the uniformed members of the Police Department. The court enjoined upon petitioners " a bit more patience " to afford the respondent Mayor of the City of New York an opportunity to reach " an equitable solution."

Executive Order No. 49, promulgated by the respondent Mayor of the City of New York, relates to the rights of organization, representation and presentation of grievances on the part of employees of the City of New York.

Prior to the promulgation of Executive Order No. 49 on March 31, 1958, the respondent Mayor of the City of New York published an Interim Order, dated July 21, 1954, on the conduct of relations between the City of New York and its employees. Paragraph numbered 3 thereof provides, in part, as follows: " Pending further study and report on the organizational rights of the uniformed members of the Police Department, the policy herein declared shall not be deemed to affect the existing practice in the Police Department in this regard."

Paragraph numbered 5 thereof outlined grievance procedures for departments and agencies which embraced the principle of representation. Paragraph 5 is limited in application to " Each Head of Department or Agency *covered hereby.*" (Emphasis supplied.) The affected departments and agencies were required to establish procedure for grievances within 15 days of the receipt of the Interim Order.

Executive Order No. 49 recites that it is in place and stead of the Interim Order and revokes the Interim Order " to the extent not incorporated in this order." Paragraph numbered 7 thereof is entitled: " Presentation and Adjustment of Grievance ". Its introductory statement is as follows: " The provisions of section 5 of the Interim Order, relating to the institution and observance of grievance procedures, are hereby incorporated in and made a part of this order ".

Executive Order No. 49 was released for publication on April 1, 1958. Concurrently, the respondent Mayor of the City of New York publicly stated: " For the time being, the order will not be made applicable to the uniformed police, pending further study and possible public hearings on the special problems in this area."

On or about January 6, 1959, the petitioner Patrolmen's Benevolent Association of the City of New York filed with the respondent Commissioner of Labor of the City of New York a petition requesting certification by the latter of willful failure on the part of the respondent Police Commissioner of the City of New York to comply with Executive Order No. 49. On January 14, 1959 the respondent Commissioner of Labor of the City of New York denied the said petition in a determination which states, in part, as follows: " At the time of its issuance, Executive Order 49 was expressly declared by the Mayor to be inapplicable to the uniformed police. Moreover, the Commissioner of Labor, pursuant to his administrative authority under Section 10 of Executive Order 49, has consistently regarded and construed that order in all its respects as having no application to the uniformed police. He has construed similarly the Interim Order of July 21, 1954, and those portions of that order now incorporated in Executive Order 49."

We address ourselves to the issue of whether or not Executive Order No. 49 is applicable to the employees of the Police Department of the City of New York. We hold that the Interim Order of July 21, 1954 excluded from its scope the uniformed members of the Police Department by virtue of the provision therein contained in paragraph numbered 3 to the effect that the policy of the Interim Order shall not affect the existing practice in the Police Department.

There is no basis, as urged by the petitioners, upon which to treat with grievance procedure as unrelated to and independent of the right of representation on the part of the uniformed members of the Police Department. The pattern of procedural steps in regard to grievances set forth in the Interim Order is inextricably tied in with the right of representation, which is basic to the concept of the right of organization not extended to the uniformed members of the Police Department by the Interim Order.

Executive Order No. 49 incorporated by reference the grievance procedures outlined in paragraph numbered 5 of the Interim Order. By paragraph numbered 7 of Executive Order No. 49 the provisions of section 5 of the Interim Order are expressly incorporated. Section 5 of the Interim Order is limited in its application to the departments and agencies " covered hereby " and it is crystal clear that the Interim Order had no application to the uniformed members of the Police Department.

The contemporaneous interpretation of Executive Order No. 49 on the part of the respondent Mayor of the City of New York

to the effect that it is not applicable to the uniformed police and the said interpretation on the part of the respondent Commissioner of Labor of the City of New York are consistent with the provisions of the Interim and Executive Orders and therefore should be given effect. (*United States* v. *Moore,* 95 U. S. 760, 763; *Norwegian Nitrogen Co.* v. *United States,* 288 U. S. 294, 315; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104, 108; *Matter of Rex Textile Co.* [*Luther Mfg. Co.*], 17 Misc 2d 100, affd. 280 App. Div. 884; *Matter of Kathy Realty Corp.* v. *McGoldrick,* 281 App. Div. 850; *Golenpaul* v. *Frankel,* 17 Misc 2d 673, affd. 285 App. Div. 941.)

It is not for the courts to establish or evaluate administrative policies pertaining to the relation between the City of New York and its employees. We may only adjudicate the power of the respondents and the extent thereof in the promulgation of such policies. The courts may intrude only to a very limited extent upon the policy-making powers of the respondent Mayor of the City of New York which involve complex, difficult and controversial matters in a very sensitive area of employer-employee relations between the city and its thousands of employees. The record shows that these matters are still under consideration. We are called upon to decide the issue as it presents itself on the present record. Towards that end the parties herein seek a definitive determination.

On this record and the content of Executive Order No. 49, at the time the determination under consideration was made, we hold that Executive Order No. 49 did not empower the respondent Commissioner of Labor of the City of New York to entertain the petition herein.

The final order should be modified by providing that the petition is dismissed on the merits, and otherwise affirmed, without costs.

BOTEIN, P. J., BREITEL, RABIN and M. M. FRANK, JJ., concur.

Order unanimously modified on the law by providing that the petition be dismissed on the merits, and, as so modified, affirmed without costs.