Samuel H. Hofstadter, J.
In this CPLR article 78 proceeding the petitioner landlord seeks an order reviewing, and on review annulling the determination of the respondent City Rent and Rehabilitation Administration wherein an order of the District Rent and Rehabilitation Administrator denying the decontrol of the subject apartment in petitioner’s premises was, on protest, affirmed. The basis for decontrol asserted was the corporate petitioner’s co-owner’s alleged occupancy of the premises for over one year.
The question presented is the quality of the necessary occupancy of an apartment by a landlord to qualify for decontrol under section 2 (subd. f, par. [11]) of the Rent, Eviction and Rehabilitation Regulations. Said regulation, identical to section Y51-3.0 (subd. e, par. 2, cl. [i], subcl. [3]) of the Administrative Code of the City of New York [City Rent and Rehabilitation Law] and substantially similar to its predecessor, subdivision 11 of section 9 of the State Rent and Eviction Regulations, provides for the decontrol of ‘ ‘ Housing accommodations rented after April 1, 1953, which were or are continuously occupied by the owner thereof for a period of one year prior to the date of renting ”.
No substantial dispute as to the facts exists. Landlord lived, for most of the time, with his family other than at the subject premises. He voted from that other address, and there is other evidence that he considered it his permanent residence, and the subject premises, a temporary one. However, there is also evidence that the apartment concerned was occupied by no one other than the landlord for about two years; that he did physically occupy it from time to time, and paid for and was billed for utilities provided there. The purpose of the occupancy allegedly was to afford him a place to stay during the periods of his work in maintaining the house concerned, and other houses owned by him adjoining that in which the subject premises is located, and while he was working in a business owned by him there.
The question of the requisite quality of the occupancy has been considered in many prior cases, without uniform results. In some of the cases, where decontrol has been denied, emphasis has been placed upon the lack of continuous occupancy by those who occupied the subject premises incidental to their primary occupancy of other accommodations. (See Matter of Steinbinder v. Gabel, N. Y. L. J., April 5, 1963, p. 13, col. 8; Matter of Grammer v. Gabel, N. Y. L. J., Nov. 20, 1962, p. 14, col. 7; *141 Matter of Korn v. Gabel, N. Y. L. J., Nov. 18, 1963, p. 14, col. 7; Matter of Isaacson v. Abrams, N. Y. L. J., Aug. 10, 1955, p. 4, col. 4.) In other cases, emphasis was placed by the courts on the exclusive nature of the landlord’s occupancy, and decontrol ordered, even absent a continuous occupancy, so long as the premises were retained by the landlord solely for his use, and not rented to others. (See Matter of Woolcock v. Temporary State Housing Rent Comm., 2 Misc 2d 1045; Matter of Bey v. Abrams, N. Y. L. J., Jan. 25, 1956, p. 12, col. 4; Matter of Lang v. Weaver, 7 Misc 2d 533.)
Consideration of the public policy behind the affording of a decontrolled status to such apartments is of little help. The intent was to encourage landlords to release, onto the housing market, premises occupied by landlords. In the instant case it can be well argued that granting decontrol would have the opposite effect, for it would encourage the withdrawal, for relatively short periods, of premises for temporary and incidental use by landlords. This factor, together with the principle that in close matters such as this, the interpretation of the administration should be given great weight (see Matter of Luxenberg v. Stichman, 2 A D 2d 605; Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1), leads this court to deny the petition and to dismiss it.