OPINION OF THE COURT
Bentley Kassal, J.
Petitioner seeks an order pursuant to CPLR article 78 (1) reviewing a determination by respondents determining that painting was a required service of Apartment No. 5c at premises 440 East 6th Street, New York, New York, and (2) decreasing the rent on said apartment by $13.82 per month for failure to paint.
Petitioner alleges that he is the president of the corporation which owns the subject building and has been the building’s managing agent since 1959; that apartment 5c has never been painted by the landlord; that the rent registration card does not list painting as an essential service and accordingly, painting is not an included service for the apartment.
*669 Section 22 of the New York City Rent and Eviction Regulations provides: “Services included in the maximum rent. Every landlord shall furnish with housing accommodations, the same dwelling space and the same essential services, furniture, furnishings and equipment as were furnished, or required to be furnished, on April 30, 1962”.
Prior to April 30,1962 the services included in the maximum rent were evidenced by boxes checked off in the March, 1943 rent registration records. There was no box provided on the registration record at that time for painting, and accordingly no inference may be drawn from failure to state whether or not painting was an included service. (Matter of Taub v McGoldrick, 133 NYS2d 576.)
It is important to emphasize that the obligation to paint as an essential service, which is involved in this proceeding, is that which is required by the rent control laws and regulations. These regulations are distinct from the Housing Maintenance Code of the City of New York (Code), which became effective August 3, 1967, requiring an owner of a multiple dwelling to paint occupied dwellings every three years and more often when required by contract or other provision of law. The two bodies of law interact so that where a landlord had regularly painted an apartment prior to April 30, 1962, he was required under rent control to continue to provide this service or have the maximum rent for the apartment decreased. On the other hand, where the landlord had "no prior practice of painting the apartment but was required to do so by the effect of the amendment of the Code in 1967, he was entitled to an increase in the maximum rent upon painting in compliance with the Code. (These interpretations are confirmed by information Sheet No. 2 issued by the Office of Rent Control, effective April 1, 1969 and published in the City Record on March 1, 1969.)
The application involved herein does not involve the Code requirement of painting but only the rent control requirement necessitating a determination of the existing services provided on April 30, 1962.
In order to process applications, such as the one involved herein, the Office of Rent Control has established a presumption that apartments are to be painted at two-year *670 intervals. The existence and validity of this presumption is not challenged by the landlord, only its application to the facts of this case. Under the rent control presumption, if the landlord alleges a practice different from the two-year painting interval, the burden is upon him to produce evidence to establish the contrary practice which existed. (Matter of Bersam Holding Corp. v McGoldrick, 283 App Div 744.)
The Commissioner of the Office of Rent and Housing Maintenance (Commissioner) has also recognized a presumption that. painting is not a service included in the maximum rent of an apartment which has not been painted by the landlord for more than 10 years.
It is a general rule that a court will not disturb an administrative determination which has a rational basis in law and fact. (Matter of Colton v Berman, 21 NY2d 322.) The arbitrary or capricious test chiefly relates to whether a particular action should have been taken or is justified and whether the administrative action is without foundation in fact. Arbitrary action is without sound basis in reason and is generally taken without regard to the facts. (Matter of Pell v Board of Educ., 34 NY2d 222.)
To the degree that the Commissioner relies upon the presumption that the apartment was painted every- two years, such a determination is not warranted on the facts presented. While the presumption itself may be proper, the only role of such a presumption is to place the burden upon the party opposing it to come forward with evidence to disprove the existence of the presumed fact. When such evidence is produced, the presumption disappears and the normal rules as to proof prevail. (St. Andrassy v Mooney, 262 NY 368; Matter of Magna v Hegeman Harris Co., 258 NY 82.) In this case, the testimony of the landlord, under penalty of perjury, reciting on the basis of personal knowledge the prior painting history of the building should have been sufficient to rebut the presumption.
The cases relied upon by the Commissioner with regard to the degree of proof necessary to rebut the presumption are clearly distinguishable. In McNulty v McGoldrick (133 NYS2d 246), the landlord was a recent purchaser of the *671 premises and could not testify as to prior painting practice on the basis of personal knowledge. The tenant did offer proof of prior painting on six occasions within a six-year period. In Matter of Kathy Realty Corp. v McGoldrick (281 App Div 850), a memorandum decision, the only issue on appeal was whether the two-year painting practice, which existed on March 1, 1943 governed over a subsequent practice which existed prior to March 1, 1950. Finally in Bersam Holding Corp. v McGoldrick (283 App Div 744, supra), the Commissioner relied upon actual painting records.
In this case the tenant was unable to testify as to any prior painting of the apartment and, in fact, affirmatively stated that it had not been painted since 1969. Thus the landlord’s statements are uncontradicted by any direct evidence. The Commissioner’s position that to rebut the presumption, the landlord should have offered affirmative evidence based upon books and records indicating the painting history of the subject apartment is not supported by reason or logic since such records could hardly be assumed to evidence a negative fact, a failure to paint. Obviously there would be no order to a painter not to paint a subject apartment on a given day or a paid bill for not painting.
Finally, although the Commissioner attempts to support the inference that painting was an included service by reference to the history in nine other apartments in the subject building, some further effort would appear to be warranted before the practice in one third of the apartments was determined to establish a building-wide practice, since the building contains 27 apartments.
For all of these reasons, the absolute application of the presumption of prior painting practice to the facts herein was arbitrary and unreasonable. Accordingly, the prior determination of the respondent is vacated and the matter is remanded for further proceedings consistent with this decision.