[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the assignees of the interest of one Marcia Woolworth Potter in a contract between Ms. Potter and the defendant Viola Lovett Johnson regarding certain property located in Preston. The other defendants are alleged to be residing on that property.
The plaintiffs seek a judgment for possession against the defendants in five counts. As to the defendant Johnson, the plaintiffs allege lapse of time, and violation of an express stipulation in the agreement between the plaintiffs and Johnson, namely non-occupancy in person by Johnson of the subject premises for a period of ninety days. As to the defendants Rowley and Davis, the plaintiffs claim a judgment for possession based on a lack of right or privilege to occupy the premises, as well as the lapse of time and the violation of the express stipulation referred to above.
The defendants admit the existence of an agreement which provides, in pertinent part, that Ms. Johnson shall have "use and occupation" of the subject premises "for the remaining life of [Johnson] provided she occupies the same in person. Its use and occupation is personal to [Johnson] and does not extend to relatives, friends or employees of [Johnson] except that [Johnson] may have invited guests for reasonable periods of time and from time to time. If [Johnson] shall fail to occupy said home in person for a period of more than ninety days it shall be presumed that [she] no longer desires to occupy said reserved house and land and this reservation and CT Page 5619 use shall terminate forthwith." The defendants deny, however, those critical allegations of the plaintiffs' complaint regarding lapse of time, violation of an express stipulation in the agreement and lack of right or privilege to occupy.
The evidence establishes that the defendant Johnson has a life interest in certain property that she once owned. Her interest basically entitles her to use and occupy this property for the rest of her natural life. There is no specific requirement that she reside there, or that the property be her sole or even her primary place of residence.
Basically, the property is hers to use and occupy during her lifetime as she sees fit, subject only to two requirements. First, she must occupy the property in person. In other words, her interest is not assignable. Second, if she fails to occupy the premises for a period of ninety days or more, other than for normal hospitalization, there is a presumption that she no longer wishes to exercise her interest in the property. Under those circumstances, her interest in the property would terminate.
The defendant Johnson is eighty-four years old. There was testimony that she has lived at the location in Preston for some seventy-seven years, since she was a small child. Her health is failing. She is blind and diabetic. She has, despite her declining health, continued to maintain an interest in the property, to use it, and to occupy it to the extent that she is physically able to do so. She has used the property and occupied it in person in the sense that she has not sought to assign her interest as, indeed, she may not, according to the terms of the original agreement (Exhibit A).
Ms. Johnson has, however, permitted others to live on the premises on more than an occasional visitor basis, which she is not entitled to do. Among those whom she has permitted to live at the premises are the defendants Rowley and Davis.
There was testimony that plaintiffs received no rent from Ms. Johnson but that the property could provide a rental income to them. Assuming these facts to be true, the court does not find them to be relevant to the determination it has been asked to make. There has also been testimony that persons other than Rowley and Davis have been permitted to reside at and/or to occupy the premises from time to time. CT Page 5620 Assuming this testimony to be true, the court similarly does not find it relevant to the issue at hand.
To prevail against the defendant Johnson, the plaintiffs must establish by a preponderance of the evidence that Ms. Johnson has not occupied the premises for more than ninety days or that she has in some other way signalled her intention no longer to occupy the premises. The plaintiffs have not met this burden. Although clearly no longer able to occupy the premises on a full-time basis, Ms. Johnson, through direct testimony and cross-examination of the plaintiffs' witnesses has established that she does occupy and use the premises on an occasional and somewhat regular basis, mostly on weekends. In no way has she indicated an intention to abandon the premises or to have her interest in the property terminated. To the contrary, she receives her mail there and spends time there as frequently as she is able. Her pet cats are still on the property and she enjoys visiting them there. Although it is clear that following a broken leg in December of 1992, Ms. Johnson was away from the premises for an extended period of time, the plaintiffs have not established by a preponderance of the evidence that she failed to use and/or occupy it for a period of ninety consecutive days.
Neither our statutes nor our case law are of much assistance in determining the meaning of the word "occupy", which the defendants argue implies something other than residency or domicile. They cite a New York case, Land v.Weaver, 156 N.Y.S.2d 632, 634 (1956) for the proposition that "constant physical presence is not a sine qua non to occupancy." Somewhat more helpfully, Ballentine's Law Dictionary, 3rd ed. (1969) defines "occupy" as "to hold, to keep for use or to possess, real estate" The evidence solidly establishes that Ms. Johnson continues to keep the property for her use, even if that use is sporadic. Moreover, in construing the agreement, it must be recognized that this document is not a mere lease between two strangers but rather a sale of property that had been in the defendant's family at least since her childhood. As a part of the sale agreement, she was permitted to use and occupy the property for as long as she lived. The minimal resrictions [restrictions] on this use are that it be personal and that if she ceases her occupancy, her interest will terminate. The intention of the parties is clearly that it is only in the event of an utter default on her part that Ms. Johnson should forfeit the right to enjoy the property for the CT Page 5621 rest of her life.
Because the plaintiffs have failed to establish their allegations regarding lapse of time and violation of express provision of the agreement as to the defendant Johnson, it is of necessity the fact that their claims against the defendants Rowley and Davis, to the extent that they are based on the same allegations, must also fail. However, in the third count of their complaint, the plaintiffs allege that Rowley and Davis lack any right or privilege to occupy the subject premises. They have proved this ground by a fair preponderance of the evidence, as they have established that those defendants' only claim of entitlement is based on the permission given to them by the defendant Johnson. By the express terms of the agreement, that permission may extend only to occasional "invited guests for reasonable periods of time and from time to time". The plaintiffs have established that the occupancy exercised by these defendants has exceeded that contemplated by the agreement.
Therefore, judgment may enter for the defendants with respect to counts one, two, four and five of the plaintiffs' complaint. With respect to count three, a judgment for possession may enter in favor of the plaintiffs as against the defendants Rowley and Davis only. Said judgment of possession, of course, is subject to the continuing life interest in the premises in the defendant Johnson.