M. Henry Martuscello, J.
In this article 78 proceeding, petitioners seek to review the determination of the Temporary State Housing Bent Commission and for an order declaring the subject two apartments in their four-family house free from residential rent control.
The record reveals that petitioners acquired ownership of the four-family structure from four owners, tenants in common, on May 28,1953. Two days prior thereto, one of the said owners had conveyed title to the property to himself and the other three owners, having had the record title in his name since 1942. *1046 During this period, all four had occupied the four apartments. The present tenants of the two apartments in dispute filed complaints with the local rent administrator, alleging an overcharge. Petitioners submitted to the local rent administrator affidavits from the previous owners as well as photostatic copy of the deed from the four owners to themselves, contending that the apartments were decontrolled in accordance with the provisions of the 1953 residential rent control law which exempts from control ‘‘ housing accommodations which are rented after April first, nineteen hundred fifty-three and have been continuously occupied by the owner thereof for a period of one year prior to the date of renting”. (State Residential Rent Law, § 2, subd. 2, par. [h], added by L. 1953, ch. 321.) Based on this proof, the local rent administrator ordered decontrol of the apartments. No protest was taken by the tenants.. Sometime thereafter, the tenants, after an investigation, discovered the true state of facts which revealed the title in one of the owners until two days prior to the sale to the petitioners. Upon this additional evidence, the local rent administrator reopened the proceeding and ruled that the two apartments had not been owner occupied during the period specified in the statute and regulations but had been only owner occupied for two days prior to the conveyance to the petitioners. Protest was taken from these orders and upon its denial, a proceeding pursuant to article- 78 was instituted in this court, which proceeding was remitted for all purposes for further investigation. No protest was raised as to the reopening of the proceeding by the local rent administrator. After an extensive and complete hearing, the respondent found as a fact “ that since 1942 until the sale to the landlords involved herein the subject property has been owned by four persons, although legal title to same resided in only one of these four. However, it is also the opinion of the Administrator that the Legislature did not intend that the advantage of decontrol as provided for in section 9(11) of the Rent And Eviction Regulations inure to the benefit of anyone but the owner of legal title of a building.”
Petitioners allege two grounds upon which the order of the respondent should be reversed, namely, (1) the local rent administrator had no legal right to revoke its own orders, and (2) the respondent erroneously interpreted the section of the law providing for decontrol of owner-occupied apartments. Petitioners ’ first contention is without merit. It has been held that a court is prohibited from considering an objection to an order unless such objection shall have been set forth in the protest. (See Matter of La Russo v. McGoldrick. 283 Add. Div. 720.) *1047 Petitioners ’ second contention, however, is well taken. The sole question to be determined is whether the narrow and strict interpretation or definition of the term “ owner ”, as urged by the respondent, should prevail or whether the petitioner’s broader meaning should be sustained. If the term “ owner ” is restricted to the holder of the legal title, as the respondent construes it, then the two apartments were not owner occupied for one year and the apartments remain under the jurisdiction of the respondent. Since the statute and the regulations do not define the term “ owner,” we are bound in interpreting such a statute to construe it in accordance with the sense of its terms and the intention of the framers of the law. ‘‘ However, ‘ that intention is first to be sought from the words employed, and if the language is unambiguous, the words plain and clear, conveying a distinct idea, there is no occasion to resort to other means of interpretation ’ ”. (Town of Putnam Val. v. Slutsky, 283 N. Y. 334, 343; Matter of Jannicky, 209 N. Y. 413.) The Legislature specifically provided for decontrol in instances where housing accommodations have been owner occupied. The statute does not state ‘‘ legal owner ” or “ record title owner ’’ or ‘‘ equitable owner, ’’ but merely ‘‘ owner ’’. The term “ owner ”, when applied to real estate, means an estate in fee simple. The word “ owner ” as used in statutes refers to anyone who has a right of possession to property. (See 30 Words and Phrases, Owner, p. 604 et seq.) If the Legislature had intended the term ‘‘ owner ’’ to apply only to the owner of legal title, it could have said so in simple language. The four owners were tenants in common and had undisputed possession to the property with all rights inuring to such ownership.
Statutes in derogation of the common law are strictly construed and, as a general rule, to the end that the common-law system be changed, only so far as required by the words of the act. (People v. Trowbridge, 305 N. Y. 471, 476.) It is apparent that the Legislature, in enacting the 1953 amendment decontrolling such apartments when owner occupied, intended to liberalize and restore to such owners, regardless of type of ownership, a portion of the common-law right of freedom of possession and use of his property. The respondent in restricting such decontrol is attempting to amend the statute, a function delegated only to the Legislature.
The respondent having found that there were four owners and there being no charge of subterfuge or fraud, the petition is granted and the disputed apartments declared decontrolled from the application of the residential control law. Submit order.