Edward G. Baker, J.
This is a proceeding to review the determination of respondent denying an order of decontrol and fixing the maximum rent.
Petitioner, on June 30, 1953, purchased the premises, a four-family dwelling, from the distributees of the prior owner. Four of them, as co-owners, had continuously occupied four separate apartments in the premises for some years prior to the conveyance to petitioner. Thereafter, petitioner rented one of the apartments and filed a petition for decontrol on the ground that the premises, having been owner-occupied for. more than one year prior to the date of renting, and having been rented subsequent to April 1, 1953, were not subject to the rent laws.
Paragraph (h) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.) provides, insofar as here pertinent, for exemption from control of “housing accommodations which are rented after April first, nineteen hundred fifty-three, and have been continuously occupied by the owner thereof for a period of one year prior to the date of renting ”. Paragraph 11 of section 9 of the Bent and Eviction Regulations is to the same effect.
After various hearings and determinations, the application for decontrol was denied and a maximum rent fixed. The basis for the denial of decontrol was stated as follows: “ It appears that the subject apartment was one of a group of apartments *1063 in the subject building which had been occupied by co-owners for a year prior to being rented after April 1,1953. The administrator finds that an apartment so occupied cannot be found to have been owner-occupied and therefore eligible for decontrol under section 9(11) of the Rent and Eviction Regulations.”
The interpretation placed upon the statute and the regulation by respondent is unreasonable and contrary to the law. Neither the rent laws nor the regulations define the word or term “ owner ”. It must be assumed that the Legislature was cognizant of the fact that properties may be and frequently are owned by more than one person. Had it been intended to limit the meaning of the word “ owner ” to ownership by a single individual that intent could and would have been expressed by appropriate language in the statute. The strict and narrow construction followed by respondent is not consonant with the legislative intent as expressed in its declaration and findings: ‘‘ that the transition from regulation to a normal market of free bargaining between landlord and tenant * * * [is] still the objective of state policy ” (L. 1946, ch. 274, § 1, as amd.).
The determination of respondent is unreasonable and contrary to law.
The petition is granted and the matter remitted to respondent with directions to enter an order decontrolling the subject premises. Submit order.