Bmsfjamim Beennee, J.
This is a proceeding to review the determination of respondent denying decontrol and fixing maximum rent.
*531 Rosalynd Realty Corporation acquired the subject premises in 1942. The sole stockholder of the corporation died, bequeathing his shares of stock to a trust he had previously created for the benefit of his wife and children. The petitioner is one of such trust beneficiaries, all of whom actually receive income from the trust created for them prior to the deed of conveyance of the property to the trust in 1953. Physical possession thereof by the petitioner is in behalf of the trust and by virtue of the conveyance to it. The local administrator accordingly affirmed his previous order denying decontrol on the ground that the premises were never owner-occupied. This determination was protested on the ground that same was contrary to an order of remand by the respondent and his prior holding that the income beneficiaries were equitable co-owners within the meaning of subdivision 11 of section 9 of the State Rent and Eviction Regulations.
Respondent, denying the protest, rejected his previous holding, as set forth in the order of remand, and held instead that an income beneficiary cannot be considered an owner of property; that prior to the conveyance to the trust, title to the property was in the name of a corporation and that a corporate owner cannot be considered an occupant of an apartment within the meaning of said section. The determination of the local rent administrator was thereupon affirmed and the protest denied.
The question here presented is whether, in construing subdivision 11 of section 9 of the regulations, trust ownership differs from corporate ownership and whether income beneficiaries of the former stand in better position than do sole stockholders of the latter. I do not think so.
Occupancy of housing accommodations by a sole stockholder of an owner corporation does not constitute owner-occupancy within the meaning of section 2 (subd. 2, par. [h]) of the State Residential Rent Law and subdivision 11 of section 9 of the State Rent and Eviction Regulations (Matter of Hennessy Place Corp. v. Weaver, 3 A D 2d 739). If the sole stockholder of a corporate owher may not be considered an owner within the meaning and intent of the act and the regulations, certainly a beneficiary of a trust, in which trust is reposed the legal title, may not be so considered; the only rights of such beneficiary being to enforce the terms of the trust to the extent of receiving the stated benefits therefrom. Obviously an equitable owner or co-owner of property owns the fee while an income beneficiary does not. Matter of Woolcock v. Temporary State Housing Rent Comm. (2 Misc 2d 1045) does not hold to the *532 contrary. There, all of the individuals owned the property as tenants in common even though the deed of record recited the name of only one of them. Since the respondent’s prior holding was an error of law, he was justified, on the second protest and upon further consideration, in correcting the error.
The determination of respondent is not arbitrary, capricious or contrary to law. The petition is dismissed. Settle order on notice.