Aron Stetjer, J.
In this article 78 proceeding petitioner seeks a review of a determination of respondent that a certain apartment is not decontrolled. The application is based on subdivision 18 of section 9 of the State Rent and Eviction Regulations. While petitioner challenges the validity of the subsection it also claims that the determination violates the section itself. The challenge to the validity of the section is the same as made by the same petitioner in another petition of even date and decided herewith (16 Mise 2d 432). As the subdivision was there held to be valid the question is whether the determination accords with the section.
The premises in question is an 11-room apartment in the building located at 1010 Fifth Avenue. The rent exceeds $5,000 a year unfurnished. The question of its status as controlled or decontrolled therefore depends on whether in the meaning of the regulations it was or was not fully occupied on September 17, 1957. The answer to the question depends on whether the tenant’s mother-in-law can be counted as a member of the family and as an occupant.
That a mother-in-law is a member of a tenant’s family as that phrase is used in the regulations there can be little doubt. What the regulations mean is any person whose degree of relationship is such that he or she would frequently, due to that *238 relationship, be found occupying the same quarters. Thoug’h not so expressed that is the gist of several decisions.
The real question here is whether Mrs. Schlesinger was an occupant of the apartment on September 17, 1957. The date is important. Respondent fixed that as the test date, did so advisedly and consistency demands that he be held to it. Mrs. Schlesinger came to the apartment on January 17, 1957. She is a lady of advanced age and was quite ill at the time. She then had an apartment of her own where she had lived and she continued to pay the rent and maintained her right to it during all the time she was living with her daughter until some time after September 17. The testimony shows that during this period she contemplated returning to her own apartment as soon as her health permitted. Her actions indicate that she probably changed her mind in that respect but not until after the significant date.
Respondent contends that her intentions and her mental attitude are irrelevant and that the only determinative fact is that she occupied the apartment. If the respondent is really serious in that contention he is grievously misled as to the meaning of a regulation he himself promulgated. The logical extension of his reasoning* would mean that any tenant who was threatened with decontrol could prevent that eventuality by the simple expedient of having some member of his family who did not live in the apartment occupy a room for the night of September 17, 1957. This is patently absurd. Occupancy as referred to in the regulation means not only physical presence on the date but the intent of continued residence to the extent that the premises would be regarded as the occupant’s home. The word is not synonymous with domicile as a legal concept but it does imply an exclusive place of living. One who has an apartment of his own which he regards as his home is not an occupant of his family’s apartment even though he may live there for a more or less extended period.
The apartment was therefore not fully occupied and is subject to decontrol and the petition is granted accordingly.