Jacob J. Sohwartzwald, J.
Petitioners seek to review and annul respondent’s determination which denied decontrol of an apartment, such decontrol having been applied for pursuant to subdivision 11 of section 9 of the State Rent and Eviction Regulations. That section provides as follows:
“ Section 9. Housing accommodations not subject to rent control.
£« These regulations shall not apply to the following:
ft ft ft
“ 11. Housing accommodations which are rented after April 1, 1953 and have been continuously occupied by the owner thereof for a period of one year prior to the date of renting
The court refrains from reciting the facts here, since to do so will serve no useful purpose. The sole issue presented for *1009 resolution is whether under the regulations promulgated by the State Rent Administrator the subject apartment is decontrolled. That petitioners duly filed a report on May 25, 1959 requesting decontrol of this housing unit is not controverted. The landlords feeling aggrieved at the Local Rent Administrator’s denial of their requested decontrol filed a protest thereto, which protest respondent denied and affirmed the order below. Therefore, this article 78 (Civ. Prae. Act) proceeding was instituted by petitioners to obtain the relief prayed for herein.
Of all the papers, including the return, which were submitted for consideration, the court notes particularly that the affidavit filed with respondent’s answer does not oppose this application, but same is submitted to the court ‘ ‘ in explanation of respondent’s position in this proceeding” and requests “that the matter be remitted to the State Rent Administrator for further consideration ” albeit, it is acknowledged in such affidavit that a similar application to remit was denied on September 26,1960 by Mr. Justice McDonald of this court. That respondent’s posture here is untenable is established by the fact that at his request petitioners granted two written extensions of time covering a period of at least five months to make a determination in this matter. In seeking the first extension by stipulation, the reason given by respondent’s principal attorney was “It toill give the Commission a better opportunity to more thoroughly review the issues in this pending protest ” (emphasis supplied). Having had such a protracted period of review, this matter and the determination finally made thereon on May 25, 1960 indicate to the court that the commission in again requesting a remission in effect concedes its final action to be unwarranted and unreasonable. The record is complete and no showing has been made that the evidence and facts therein have undergone any change whatsoever.
The Administrator conceded in his order and opinion that the allegations of the petitioners have been accepted as true. This being so, there is no doubt that (1) a mother-in-law is a member of a family, as that term is used in the regulations jiromulgated by the State Rent Administrator (Matter of Cokley v. State Rent Administrator, N. Y. L. J., Dec. 4, 1958, p. 11, col. 6), and (2) “ Occupancy as referred to in the regulation means not only physical presence on the date but the intent of continued residence to the extent that the premises [apartment] would be regarded as the occupant’s home” (Matter of Fifth Ave. Estates v. Weaver, 16 Misc 2d 236, 238). It matters not whether petitioners as owners occupied one or two apart *1010 ments in a single structure so long as the intent and occupancy were for such owners’ own immediate family use.
Gleaned from the papers is the showing that the owners, a husband and wife, with a teenage son and daughter and an aged, debilitated sick mother-in-law occupying four rooms, were compelled to take over possession of the first available apartment upon its becoming voluntarily vacated and using same to enlarge their immediate family’s housing accommodations. The record is replete with established documentary evidence that petitioners’ immediate family included the mother-in-law, now deceased, and that she was a widow since June 17,1938, negating the gas company’s statement that her late husband was the occupant of the subject apartment as of March 4, 1958 to March 31, 1959.
In the light of the conceded facts and circumstances in this matter, the court is of the opinion that the legislative intent in enacting the 1953 amendment decontrolling apartments when owner-occupied was to liberalize and restore control to such owners occupying the premises for one year prior to renting, as here (Matter of Woolcock v. Temporary State Housing Rent Comm., 2 Misc 2d 1045). This was an absolute and unconditional decontrol. No amount of further reconsideration, as heretofore requested by respondent on at least two occasions, could change the intent of this legislative enactment. Therefore ‘ ‘ The respondent in restricting such decontrol is attempting to amend the statute, a function delegated only to the Legislature ” (Woolcock, supra, p. 1047); this the respondent may not do. The intervenor’s contentions have been fully considered and found to be untenable.
I am of the opinion on this record that the subject apartment is decontrolled as a matter of law and that respondent’s determination was beyond his jurisdiction. Accordingly, the petition is granted and the Administrator’s determination vacated.