Joseph A. Sarafite, J.
This is an application pursuant to article 78 of the CPLR. The facts are not in dispute. On November 15, 1960, the owner of the multiple dwelling involved herein died. She had devised these premises to her four granddaughters: Bonnie Girard, Janice Livingston, Jane Liebman and Carla Liebman. Prom November 15, 1960 through July, 1961, Apartment SB was occupied by one of these co-owners (Bonnie Girard). Thereafter, from July, 1961 through January, 1962 another co-owner (Janice Livingston) occupied said apartment. The petitioner became the owner of these premises in January, 1962. He filed a report of statutory decontrol on April 9, 1962, based on subdivision 11 of section 9 of the State Rent and Eviction Regulations which provided that housing accommodations which are ‘ ‘ continuously occupied by the owner thereof for a period of one year” are decontrolled. This was carried over into the city regulations (City Rent, Eviction and Rehabilitation Regulations, § 2, subd. f, par. [11]).
The only question before the court in this proceeding is whether these successive occupancies by the two co-owners fulfills the one-year requirement. The parties have cited no authorities on this question and independent research of the court has also been fruitless.
In Matter of Woolcock v. Temporary State Housing Rent Comm. (2 Misc 2d 1045, 1047, affd. 2 A D 2d 864) the court stated: ‘ ‘ The term ‘ owner ’, when applied to real estate, means an estate in fee simple. The word ‘ owner ’ as used in statutes refers to anyone who has the right of possession to property.”
The ownership here was by a tenancy in common. 11 Each tenant, as to his share, is to be deemed the owner of an entire estate, separate and distinct from that of his co-tenants with only a unity of possession between them” (1 Rasch, Real Property Law and Practice, p. 357).
*930 “ The possession of one co-tenant is the possession of all” (1 Basch, p. 380).
Accordingly, each of the devisees of the original owner owned an undivided one-quarter interest in the multiple dwelling. They all owned it as a group. When one of the cotenants occupied an apartment, it was occupied by the owner. Such fractional ownership giving rise to decontrol has been determined to be proper. (Matter of Woolcock v. Temporary State Housing Rent Comm., supra.) When one of the other cotenants immediately thereafter occupied the same apartment, it was then still occupied by the owner.
‘ ‘ It must be assumed that the Legislature was cognizant of the fact that properties may be and frequently are owned by more than one person. Had it been intended to limit the meaning of the word ‘ owner ’ to ownership by a single individual that intent could and would have been expressed by appropriate language in the statute ” (Matter of Avon Novelty v. Abrams, 2 Misc 2d 1061, 1063).
The cases relied on by respondent are not dispositive of the issue here. In both Matter of Korn (N. Y. L. J., Nov. 18, 1963, p. 14, col. 7 [Supreme Ct., N. Y. County]) and Steinbinder v. Gabel (N. Y. L. J., April 5, 1963, p. 13, col. 8 [Supreme Ct., N. Y. County]), the owners resided elsewhere and only used the apartment in question as a convenience, at rare intervals. There was no issue as to continuous occupation by the owner.
Nor is there merit to respondent’s contention that the intent of the statute was that one owner must occupy continuously for one year and not several owners for an aggregate of one year, or that the occupancy must be by a single-family unit.
If the Legislature intended such narrow construction, it could have so provided. The respondent may not amend the statute by restricting such decontrol.
The statute having been complied with, this court must hold that the determination of the respondent was arbitrary, capricious and unreasonable. Accordingly, the application is granted.