Anthony M. Livoti, J.
This is an article 78 proceeding to review an order and opinion of the respondent City Rent and Rehabilitation Administrator issued October 8, 1964, which reaffirmed her order and opinion issued January 28, 1964. The latter order and opinion was the subject of another proceeding by the petitioner herein before Mr. Justice Margett and was terminated by a judgment of this court granted July 27, 1964, Avhich remanded the proceeding to the respondent to determine whether the subject housing accommodation was exempt from rent control by reason of ovmer occupancy.
In the order and opinion issued October 8, 1964, the respondent found that the subject housing accommodation was never personally occupied by the petitioner owner but was occupied by the petitioner’s son and his family. Petitioner offers no evidence to the contrary. She contends, however, that her son gained occupancy by reason of an order of the Temporary State Housing Rent Commission issued on the ground that he was a member of the petitioner’s immediate family and that, therefore, his occupancy was equivalent to oivner occupancy. The Admin *1082 istrator found, as a matter of law, that occupancy by the owner’s son and his family did not qualify as owner occupancy.
Section 2 (subd. f, par. [11]) of the New York City Rent, Eviction and Rehabilitation Regulations provides that with certain exceptions not here germane the regulations shall not apply to ‘ ‘ Housing accommodations rented after April 1, 1953, which were or are continuously occupied by' the owner thereof for a period of one year prior to the date of renting ”. This section makes specific reference to an occupancy by the owner and makes no reference to occupancy by members of an owner’s family.
The order, by reason of which petitioner’s son gained occupancy, was issued pursuant to subdivision 1 of section 55 of the State Rent and Eviction Regulations of the Temporary State Housing Rent Commission. This section was similar to subdivision a of section 55 of the New York City Rent, Eviction and Rehabilitation Regulations. It authorizes the eviction of a tenant because of immediate and compelling necessity for the personal use of a landlord or for the use and occupancy of his immediate family. This section further defines the term “ immediate family” as including, among others, a son. This section has no application to section 2 (stibd. f, par. [11]). It specifically makes reference' to a landlord or his immediate family, while section 2 (subd. f, par. [11]) makes reference only to an owner.
In Matter of Pagota (Gabel) (N. Y. L. J., Dec. 26, 1962, p. 13, col. 8), cited by petitioner, the court held an apartment to be decontrolled which was occupied by an owner’s immediate family, but in that case the owner was living in an adjacent apartment and was utilizing both apartments together with the members of his immediate family, all of which lived together as a single family unit.
In the instant case it is not disputed that the petitioner’s son lived in the subject housing accommodation with his wife atid child and that his occupancy was separate and distinct from that of his parents.
In the case of Matter of Tiger v. Herman (28 Misc 2d 1008, app. dsmd. 16 A D 2d 816), the court held an apartment to be decontrolled where the owner, as the head of a single-family unit, occupied that apartment and another apartment. That case, however, differs from the one at bar in that in the latter the owner’s son occupied the apartment, not as a member of the owner’s family but as the head of a separate and distinct family unit. (Cf. Manganaro v. City Rent Comm., N. Y. L. J., June 10, 1963, p. 16, col. 6.)
*1083 The court, accordingly, finds substantial evidence to support the respondent’s determination and a rational basis for her conclusion. The order and opinion, dated October 8, 1964, is confirmed. The court has not considered the other issues raised by petitioner herein, since those issues were raised in the prior proceeding before Mr. Justice Margeit and since the judgment therein remanded the proceeding to the respondent on the sole issue of owner occupancy.