Bertram Harnett, J.
This case examines for purposes of rent decontrol the distinction between an owner’s occupancy *804 of an apartment as opposed to Ms acquisition of it for possession.
Henry J. Morgenthaler owns a rent controlled building in Oyster Bay. He evicted an apartment tenant by obtaining a certificate of eviction on December 18,1972 upon his representation that he intended to occupy the apartment himself. The tenant was actually removed on August 1, 1973, and when Mr. Morgenthaler did not physically move into the building as his actual residence, the New York State Office of Bent Administration, Division of Housing and Community Benewal, commenced this'action to enjoin a claimed violation of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.). However, Mr. Morgenthaler did move into the disputed apartment on August 15,1974.
The case was presented to the court in summary terms. Judging, however, from the record, the discussions with counsel, and the unchallenged statements in the briefs and pleadings, the court assumes that between August 1, 1973 to July 31, 1974, the owner was renovating and repairing the apartment, that no one else occupied it for any purpose, and that he had full control over it.
The parties have stipulated to discontinue this action upon Mr. Morgenthaler’s representation that he will occupy the apartment for the minimum legal period required to decontrol it. But, what is that period? The parties disagree and have submitted the issue to the court for final resolution.
Paragraph (h) of subdivision 2 of section 2 of the Emergency-Housing Bent Control Law (L. 1946, ch. 274, as amd. by L. 1953, ch. 321, § 2) is a most cumbersome statute. It exempts from rent control coverage: ‘ ‘ housing accommodations which are rented after April first, nineteen hundred fifty-three, and have been continuously occupied by the owner thereof1 for a period one year prior to the date of renting; provided, however, that this paragraph shall not apply where the owner acquired possession of the housing accommodation after the issuance of a certificate of eviction * * * within the two year period immediately preceding the date of such renting ”.
Subdivision 11 of section 9 of the State Bent and Evictioh Regulations of the Division of Housing and Community Benewal (9 NYCRR 2100.9[k] contains tMs same exclusion in identical language.
The conditions in the State’s order granting certificate of eviction issued by plaintiff are ambiguous. This unilaterally constructed document authorized eviction “ solely for the personal use and occupancy by Henry Morgenthaler, the landlord, for *805 period of not less than two (2) years It reads “ for the personal use and occupancy ” (emphasis added) and is not couched in conditional terms of actual occupancy. Under the facts here, an owner who is renovating an apartment and then later moves into it, without anyone else’s occupancy, is holding the apartment for his own personal use and occupancy. However, in any event, the State has no power to impose conditions on eviction beyond its statutory or regulatory authority. Accordingly, we are left with the language and meaning of the applicable law.
It would appear that apart from an eviction situation, an owner succeeds in decontrolling an apartment simply by continuously occupying it for one year. "Where there is an eviction, however, the decontrol provisions do not apply unless at least two years intervene between the landlord’s acquisition of possession and the renting of the freshly decontrolled apartment. The owner must still live there for the one year, but there seems no statutory requirement that the owner be in actual occupancy more than that. The statute does not require a two-year occupancy by the owner. There is a qualification that the exemption remains effective ‘ ‘ only so long as the housing accommodations are not occupied for other than single family occupancy ”. (L. 1961, ch. 337, § 2, subd. 2, par. [h].)
Owner’s occupation connotes physical presence, as well as intent of continued residence. (Matter of Tiger v. Merman, 28 Misc 2d 1008, affd. 16 A D 2d 816; Forbes v. Lomazow, 22 A D 2d 800.) However, “ acquiring possession ”, seems a lesser activity. That means ownership of the right to use the place. Possession of an apartment is the right to exclude all others, the right to go into it and do all appropriate things in it. Here, the acts of renovation were manifestations of possession.
The record does not reflect any bad faith by the owner. Apparently, he bought the building, evicted the tenant, repaired and renovated the apartment, and then moved in. No other use was made of the apartment.
Accordingly, the court rules that ,so long as the owner maintains continuous occupation of the apartment as his actual residence until August 15,1975, he may thereafter rent his apartment on a decontrolled basis.