William C. Hecht, Jr., J.
Relator, mother of a 14-year-old infant, brings this habeas corpus proceeding to regain the custody of her child, presently in the care of respondent by commitment of the Children’s Court Division of the Domestic Relations Court of the City of New York in the County of New York.
The petition upon which the writ was predicated alleges that the detention of the infant is unlawful because the child is not committed by virtue of the final judgment or decree of a competent tribunal or final order of any court. It is further claimed that this court, acting in its capacity as parens patriae with plenary jurisdiction over infants, should review the proceedings had in the Domestic Relations Court and, in addition, inquire into the present status of the child in respondents’ institution.
Respondents’ return shows that on March 16, 1951 relator Anna Turetsky filed a petition in the Children’s Court Division of the Domestic Relations Court of the City of New York to have her daughter Mona Turetsky, 13 years of ago, adjudicated a delinquent child.
On March 16, 1951, a hearing was had before Justice Dudley P. Sicher, at which time all parties were present, and the daughter, Mona Turetsky, was adjudged and determined to be a delinquent child. Judge Sicher committed the child to the care of the Jewish Board of Guardians and the Hawthorne-Cedar Knolls School, after the said agency had accepted the placement of the child. On June 15, 1951 a petition for the release of Mona Turetsky from the school was filed by relator in the Children’s Court Division of the Domestic Relations Court of the City of New York, in the County of New York. A hearing was had thereon on June 29, 1951 before Justice *759 Ruth Wartebs and, after said hearing, the petition for relief was denied and the proceeding was adjourned for further report and investigation.
On February 13, 1952 the relator, her attorney, and her brother again appeared before Justice Wartbrs. After hearing Hyman Grossbard, clinical director of the school, who reported as to the child’s adjustment, the court continued the commitment to the school.
On March 3, 1952, relator made a motion in the Children’s Court Division of the Domestic Relations Court of the City of New York, in the County of New York, for an order setting aside and vacating the order for the commitment of Mona Turetsky, on the ground that the said order was against the weight of evidence and on the further ground that the court was without jurisdiction to make such order. The motion was argued on March 21, 1952, and after a full hearing before Mr. Justice Sichbb the motion was in all respects denied. Two weeks later, on April 4, 1952, relator applied for and obtained this habeas corpus writ.
Proceeding first to the consideration of relator’s claim that the Domestic Relations Court lacked jurisdiction, we find that the Children’s Court is given exclusive original jurisdiction over children who are alleged to be delinquent, material witnesses, mental defectives and neglected, by section 61 of the Domestic Relations Court Act, which reads in part as follows: “ The children’s court in each county shall have exclusive original jurisdiction within such county to hear and determine all cases or proceedings involving the hearing, trial, parole, probation, remand or commitment of children actually or apparently under the age of sixteen years, or who were under the age of sixteen years when the act or offense is alleged to have been committed, or the right of action in such case or proceeding accrued, who are, or who are alleged to be (a) delinquent, (b) material witnesses, (c) mental defectives, (d) neglected, and if also physically handicapped, as defined in paragraph one ”.
Section 86 of the Domestic Relations Court Act specifically provides the method to be followed for the release of children who have been committed, after an adjudication of delinquency or neglect. Such section reads in part as follows: “ § 86. Modification, setting aside of vacating of judgment. 1. Any order or judgment made by the court in the case of any child committed by virtue of any proceeding may be vacated and set aside or modified, as provided by law.. Any.parent or guardian, or a duly authorized agency, association, society or institution, or the next friend of any child who has been or shall hereafter *760 be committed by the children’s court to the custody of an institution, corporation, board, association, society, agency or person, may at any time file with the court a petition verified by affidavit setting forth under what conditions such child is living, and that an application for the release of the child has been made to and denied by such institution, corporation, association, society, agency or person, or that such institution, corporation, association, society, agency or person has failed to act upon such application within a reasonable time. A copy of such petition shall at once be served upon such institution, corporation, association, society, agency or person, or upon the commissioner of public welfare, or such other officer, board or department having the custody of the child, whose duty it shall be to file an answer to the same within five days. If upon examination of the petition and answer the court is of the opinion that a hearing should be had, it may, upon reasonable and due notice to all concerned, proceed to hear the facts and determine the question at issue, and may discharge, return such child to the custody of its parents or guardian or direct such institution, corporation, association, society, agency or person to make such other arrangements for the child’s care and welfare as the facts of the case may require.”
It clearly appears that the child herein was committed to the Jewish Board of Guardians for placement in their Hawthorne-Cedar Knolls School in Pleasantville, New York, pursuant to a final adjudication of the Children’s Court and a final order- of commitment arid that said court had jurisdiction of the proceeding.
It is settled law that the Supreme Court, upon the return of a writ of habeas corpus, may not inquire as to the final judgment or decree pursuant to which the person is detained, except to determine whether the court which rendered the judgment or decree had jurisdiction. (Civ. Prac. Act, § 1231 ; People ex rel. Hubert v. Kaiser, 206 N. Y. 46 ; People ex rel. Doyle v. Atwell, 232 N. Y. 96.)
The court perceives no need for an inquiry into the conditions under which the infant is presently held by respondents. A reading of the minutes taken at the hearing held on March 21, 1952 discloses that relator was given a full opportunity by Justice Sicher to present all the evidence at her disposal. If relator felt aggrieved of the court’s determination, she had a right to appeal therefrom. She may not resort to a writ of habeas corpus to accomplish that result. Writ dismissed.