Francis J. Donovan, J.
Defendant is before this court charged with a misdemeanor assault against his mother-in-law. After he had been removed from the courtroom, following an adjournment to obtain counsel, his wife and mother-in-law in open court, appealed for physical protection stating that he had also assaulted his wife and they were in fear of further attacks. The only help the court could give was to refer the wife to the Family Court and the police. This incident has special significance in determining the question of law at the threshold of this proceeding.
There must be an immediate determination of jurisdiction. If this is an assault between members of the same family, the exclusive jurisdiction is in the Family Court (Family Court Act, § 812),
Research has failed to reveal any decision interpreting or defining the term “ family ” in the new Family Court Act.
Depending on the purpose and phraseology of the particular statute and the facts presented, a son-in-law and mother-in-law may, or may not be deemed members of the same family.
The lack of definitions in the Family Court Act leave's the matter in doubt. Until such doubt is resolved by the appellate courts or by legislative amendment, inferior courts must resolve such questions within their own limitations.
If the allegations of this wife and her mother are true, immediate action is required.
*123 Were it not for the marital relationship between complainant’s daughter and this defendant the incident would never have occurred. It is directly related to the marital problem existing between the man and wife.
The hostility between son-in-law and mother-in-law may result from difficulties between the son-in-law and his wife. Or, the difficulty between the husband and wife may result from hostility between the husband and mother-in-law. Again it may be an admixture of these and other causes. At any rate it is a pattern of family trouble so recurrent and so familiar, not only to social and legal agencies but to the general public that the Legislature must be deemed to have been aware of it.
A dominant purpose of the Family Court Act was to get all of the problems of a family in one forum. Fragmentation was found to be a serious handicap in treating such problems.
To send an assault case involving the wife to the Family Court and retain the mother-in-law’s complaint in the District Court runs counter to that purpose.
The words ‘ ‘ family ” or “ household ’ ’ are in the disjunctive. If the mother-in-law resided in the same house she would be deemed a member of the family. (Matter of Tiger v. Herman, 28 Misc 2d 1008.) Should she be deemed not a member of the family because she is not a member of the household? The answer is not yet clear. However, in the light of the fact that the marriage is the relationship which brings all three parties in contact and in conflict, and bearing in mind the common usage of ‘ ‘ family ’ ’ to include inlaws, it is the opinion of this court that the remedial purposes of the Family Court Act will best be served by construing son-in-law and mother-in-law to be part of the same family.
Such a construction will permit the Family Court to explore the entire family problem and leave that court free to transfer the instant complaint back to the District Court pursuant to section 814 of the Family Court Act, if such procedure seems more appropriate to the discretion of the Family Court.
This matter is therefore transferred to the Family Court for all further proceedings.