SECOND DEPARTMENT, MAY, 1964

(May 4, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK Lo CICERO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated June 12, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered February 15, 1961 after a nonjury trial, convicting him of burglary in the third degree and grand larceny in the second degree, and imposing sentence. Said judgment was previously affirmed by this court (16 A D 2d 704). Order affirmed. In our opinion, the purely conclusory allegations in defendant's petition that a police officer committed perjury with the knowledge of the prosecuting attorney, who suppressed evidence favorable to the defense, did not present any factual issues requiring a hearing (cf. *People* v. *Fanning,* 300 N. Y. 593; *People* v. *White,* 309 N. Y. 636; *People* v. *Altruda,* 5 N Y 2d 970; *People* v. *Stevenson,* 14 A D 2d 779). We are also of the opinion that, even if defendant's allegations be accepted, they fail to disclose perjury by the police officer or the suppression of evidence by the prosecutor. Beldock, P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ PHILIP D. CAVALIRE, Appellant, v. LILY J. PALERMO, Also Known as LILY J. CAVALIRE, Respondent.— In an action to declare that the parties are not husband and wife and that a decree obtained in Mexico by the plaintiff, divorcing him from the defendant, is valid, the plaintiff appeals, as limited by his brief: (1) from an order of the Supreme Court, Suffolk County, dated January 27, 1964, which denied his motion to consolidate the action with a support proceeding pending in the Family Court of said county, and to remove the proceeding to the Supreme Court; and (2) from so much of an order of said Supreme Court, dated February 5, 1964, as granted the defendant's motion for counsel fees. Orders, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. The action was not instituted until after the trial in the Family Court had begun, and the motion to consolidate was made returnable more than a week prior to the service of the answer containing a counterclaim to declare invalid the Mexican decree. In our opinion, under the circumstances here, Special Term did not commit error in denying the motion for consolidation (CPLR 602; Family Court Act, §§ 411, 115, 114; *People* v. *Keller,* 37 Misc 2d 122; *Matter of Carter* v. *Carter,* 19 A D 2d 513); nor in granting the motion for counsel fees (Domestic Relations Law, § 237). Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.