■ In the Matter of BEATRICE STEINBERG, Respondent, v. LOUIS G. STEINBERG, Appellant.— In a support proceeding pursuant to section 412 of the Family Court Act, the husband appeals from a decision of the Family Court, Westchester County, dated December 4, 1964, and from an order of said court, entered December 4, 1964, which directed him to pay $15 a week for his wife's support. Appeal from decision dismissed, without costs. A decision is not appealable. Order affirmed, without costs. The mere fact that the husband and wife were living separate and apart by mutual consent did not relieve him of the duty to support her (Domestic Relations Law, § 236; Family Ct. Act, § 412; cf. *St. Germain* v. *St. Germain*, 23 A D 2d 763; *Eylman* v. *Eylman*, 23 A D 2d 495; *People* v. *Keller*, 37 Misc 2d 122; *Cavalire* v. *Palermo*, 21 A D 2d 672), and to pay a fair and reasonable sum, having due regard to the circumstances of both parties (Family Ct. Act, § 412). Beldock, P. J., Brennan and Benjamin, JJ., concur; Ughetta and Rabin, JJ., dissent and vote to reverse and dismiss the petition with the following memorandum: This support proceeding was based on section 412 of the Family Court Act, which provides that " A husband is chargeable with the support of his wife and, if possessed of sufficient means or able to earn such means, may

be required to pay for her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties." The proceeding was instituted on a "means" basis and there was no claim that the petitioner might become a public charge. It was established in the record, and stands undisputed, that the parties separated by mutual consent. Prior to 1963, the law was settled that, where parties were living separate and apart by consent, the wife was not entitled to a separation decree in the Supreme Court (*Batchelor* v. *Batchelor,* 295 N. Y. 544; *Solomon* v. *Solomon,* 290 N. Y. 337), nor to a support order in the Domestic Relations Court, Family Court Division, on a means basis (cf. *Rosa* v. *Rosa,* 275 App. Div. 1050; decision adhered to on rearg. 276 App. Div. 1017). However, section 236 of the Domestic Relations Law was amended, effective September 1, 1963, to provide that in any action or proceeding brought to annul the marriage or for a separation or for a divorce, "the court may direct the husband to provide suitably for the support of the wife as, in the court's discretion, justice requires" and that such direction may be made "notwithstanding that the court refuses to grant the relief requested by the wife * * * (2) by reason of the misconduct of the wife, unless such misconduct would itself constitute grounds for separation or divorce, or (3) by reason of a failure of proof of the grounds of the wife's action or counterclaim." In interpreting section 236 of the Domestic Relations Law, as amended, this court held, in an action for a judicial separation, that said section eliminated the husband's nonliability for the support of a wife where the parties have separated by mutual consent (*St. Germain* v. *St. Germain,* 23 A D 2d 763; cf. *Eylman* v. *Eylman,* 23 A D 2d 495). It will be noted, however, that section 236 specifically refers to an action brought "to annul a marriage or declare the nullity of a void marriage, or (2) for a separation, or (3) for a divorce". In our opinion, the language of that section did not confer upon the Family Court the power to award support to a wife on a "means" basis in a proceeding instituted under section 412 of the Family Court Act where the spouses are living separate and apart by mutual consent. We find no authority in the Family Court Act which empowers the Family Court to make an award for support under the cricumstances herein present and, in the absence of such statutory authority, we conclude that the support order must be vacated (cf. *Levy* v. *Levy,* 22 A D 2d 794).