Oscar Mxjrov, J.
The information dated March 28, 1968 charges the crime of aggravated harassment in violation of subdivision 2 of section 240.30 of the Penal Law. The complaint is made and sworn to by Edith B. Green, who is defendant’s stepdaughter.
Pursuant to the information, a summons for purposes of investigation was issued and served by mail. Defendant has appeared specially by her attorney and makes the within motion to vacate the summons upon the grounds that any con *60 troversy between the complainant and her father’s wife is exclusively in the jurisdiction of the Family Court and the District Court is without any jurisdiction in this matter.
Article VI (§ 13, subd. b) of the New York ¡State Constitution, in establishing the Family Court, invested that court with jurisdiction over ‘ ‘ crimes and offenses by or against minors or between spouses or between parent and child or between members of the same family or household.”
Section 812 of the Family Court Act provides that the Family Court ‘ ‘ has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household ’ ’, and that, “ ‘ disorderly conduct ’ includes disorderly conduct not in a public place.”
The preliminary question to be answered, is whether, for the purposes of Family Court jurisdiction, the complainant and defendant are members of the same family.
‘ ‘ Family ’ ’ has been defined as “ a group of persons consisting of parents and their children ” (Funk & Wagnalls Standard Dictionary), “father, mother and their children” (Thorndike Earnhardt Dictionary), and “A group comprising immediate kindred; [especially] the group formed of parents and children, constituting the fundamental social unit in a civilized society.” (Webster’s New International Dictionary, 2d ed.)
In People v. Dugar (37 Misc 2d 652, 654), the court stated as follows: ‘ ‘ The terms 1 family ’ and ‘ household ’ are not defined in the statute. Their meaning must therefore be determined by reference to general usage, decisions construing those terms in other statutes, and the broad remedial purpose of the statute as a whole. ’ ’
With respect to the “ broad remedial purpose of the statute ”, section 811 of the Family Court Act declares that the Family Court is better equipped to deal with family offenses, since the persons involved are asking for practical help rather than criminal conviction and punishment.
The complainant here is a stepchild of the defendant, and the controversy appears to have arisen from the marital relationship existing between the defendant and the complainant’s father.
In People v. Keller (37 Misc 2d 122, 123) the court held that the Family Court rather than the District Court had jurisdiction of the prosecution of the defendant for misdemeanor assault on his mother-in-law, on the ground that she was a member of *61 his “family”, although the mother-in-law did not live in the same household as the defendant, but the assault on the mother-in-law arose out of the marital relationship between the defendant and the daughter of the mother-in-law. The court said: “A dominant purpose of the Family Court Act was to get all of the problems of a family in one forum. Fragmentation was found to be a serious handicap in treating such problems.”
With respect to the People’s contention that the Family Court has no jurisdiction over the crime of aggravated harassment, it is without merit. In People v. Johnson (20 N Y 2d 220, 226) Chief Judge Finn said: “ In short, then, the Family Court has jurisdiction ,to deal, in the first instance, with family offenses, including any complaint of assault, felonious or simple, ‘ between spouses or between parent and child or between members of the same family ’ * * * Plainly expressing its design that the Family Court have priority of examination into family offenses, the Legislature has provided a procedure both for enforcement of that priority and for surrender of the court’s jurisdiction when appropriate.”
Section 813 of the Family Court Act provides as follows: “ (a) Any criminal complaint charging disorderly conduct or an .assault between spouses or between parent and child Or between members of the same family or household shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court in the county in which the criminal court is located ’ ’.
At the time the information was signed and the summons was issued there was no way in determining that there was any family relationship between the complainant and the defendant. Hence, the summons which was issued thereon was valid and will not be vacated or voided. It was only on the return day of the summons that the court was apprised qf the fact that there existed a family relationship between the parties and that the matter then should be transferred to the Family Court.
The hostility between the stepdaughter and her stepmother may result from difficulties between the complainant’s father and his wife, and the Family Court in the first instance should be permitted to explore the entire family problem and leave the court free to transfer the instant complaint back to the District Court pursuant to section 816 of the Family Court Act, if such procedure seems more appropriate to the discretion of the Family Court.
This matter is therefore transferred to the Family Court for all further proceedings.