Bertram Harnett, J.
While standing on a public sidewalk, James 'Clifford fired one round of a shotgun into the home of his sister and brother-in-law. Fortunately, no one was injured. Clifford’s sister then brought an information charging him with ‘ ‘ Reckless endangerment in the second degree ’ ’. He was tried and convicted in the District Court, County of Nassau, without referral to the Family Court. Clifford now brings this writ of habeas corpus claiming that he should have been brought first before the Family ¡Court, which has exclusive original jurisdic *88 tion, for an initial determination of whether the action was a family offense to be tried in the Family Court or was to be transferred to a criminal court. He claims that failing this, the District Court that convicted him did not have jurisdiction over him, and his conviction in that court must be set aside.
The People deny that the Family Court has exclusive original jurisdiction in this instance. Their argument rests on three essential points. First, they argue section 812 of the Family Court Act requires residence in the household, and there was no showing that Clifford resided with his sister and ¡brother-in-law. 'Second, they argue section 812 applies strictly to £,£ disorderly conduct and assault ’ * as defined in the Penal Law and excludes all other crimes and offenses. Third, they argue the shot was not fired inside the home, but from a public place, that 1 ‘ this was more than just a husband slapping a wife incident inside their apartment or home ”.
The following provisions of the Family Court Act appear immediately relevant:
11 § 811. Finding and purpose. In the past, wives and other members of the family who suffered from disorderly conduct or assaults by other members of the family or household were compelled to bring a £ criminal charge ’ to invoke the jurisdiction of a court. Their purpose, with few exceptions,-was not to secure a criminal conviction and punishment, but practical help.
“ The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such instances of disorderly conduct and assaults. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes .are inappropriate in a partiular case, it is authorized to transfer the proceeding to an appropriate criminal court. ’ ’
“ 812. Jurisdiction. 'The family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household. For purposes of this article, ‘ disorderly conduct ’ includes disorderly conduct not in a public place.”
“ § 813. Transfer to family court, (a) Any criminal complaint charging disorderly conduct or an assault between spouses or between parent and child or between members of the same family or household shall be transferred by the criminal court, not more than three days from the time the complaint *89 was made, to the family court in the county in which the criminal court is located, unless
“ (i) the complainant withdraws the complaint not later than three days from the time it was made; or
“ (ii) the family court had transferred the proceeding to the criminal court; or
“ (iii) the complaint is dismissed for legal insufficiency.
“ (b) The phrase ‘ criminal complaint ’ as used in this article includes an information. ’ ’
“ § 814. Powers of criminal court, (a) Upon the making of a criminal complaint charging disorderly conduct or an assault between spouses or between members of the same family or household and until the proceeding is transferred under section eight hundred thirteen to the family court or dismissed for legal insufficiency, the criminal court in which the complaint was made may hold the defendant, admit to, fix or accept bail or parole the defendant.
“(b) Upon the making of a decision to transfer said proceedings to the family court, the said criminal court may hold the defendant, admit to, fix or accept bail, or parole the defendant for hearing before the family court.”
¡Section 120.20 of the Penal Law reads as follows: “ Beckless endangerment in the second degree. A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.
“Beckless endangerment in the second degree is a class A misdemeanor. ’ ’
„ The threshold questions are first, whether 'Clifford’s act denominated reckless endangerment in the information was one “ which would constitute disorderly conduct or an assault ”, and thereby come within the family offense conception of the Family Court Act, and second, whether, in light of the relationship of the parties, it was “ between members of the same family or household
Clifford could not have been charged with assault because under the Penal Law, as revised in 1965, an essential element of assault is the commission of physical injury (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, Practice Commentary, art. 120, p. 192; Bothblatt, New York Crimes, The Revised Penal Law [Darrow, New York 1968]). However, the act involved here would have been an assault under the Penal Law as it existed in 1962 when the Family Court Act was first enacted (cf. Penal Law of 1909, § 242, subd. 4). Under the revised Penal Law, reckless endangerment is a related offense to *90 assault. In commenting upon this, the Third Interim Report of the Temporary 'Commission on Revision of the Penal Law and Criminal Code (N. Y. Legis. Doc., 1964, No. 14, p. 21) stated:
“ (2) The assault area has been markedly changed and overhauled. The various existing assault crimes are defined in an inconsistent pattern which takes no account of the distinctions between successful attacks (batteries at common law) and unsuccessful ones or more attempts to inflict injury (assault at common law). Some of the existing offenses constitute mere common law assaults or attempted batteries, while others, requiring actual physical injury or bodily contact, constitute common law batteries. The proposed Penal Law, maintaining a three degree format based upon the seriousness of the offenses, requires not only a battery for every assault offense but one which produces ‘ physical injury ’, a term defined in the General Provisions. This relegates unsuccessful physical attacks to the category of attempted assaults, carrying, of course, lesser penalties than those for completed or successful ones.
“"While thus limiting the crime of assault in this respect, the proposed code broadens it in another. 'Contrary to the existing provisions, reckless■ — -as distinguished from intentional — conduct producing physical injury is brought within the assault orbit. And reckless conduct which, though not resulting in death or physical injury creates a grave danger of the same, is proscribed by a new offense entitled ‘ Reckless endangerment
People v. Johnson (20 N Y 2d 220) is the controlling authority, not only in legal word, but also in articulation of the basic philosophy of the Family Court Act legislation. In that case, which upheld the constitutionality of the Family Court Act provisions, the Court of Appeals found the Family Court to have exclusive original jurisdiction under section 812 of a felonious assault with a knife by a husband against a wife. In that matter, far from ‘ ‘ just a husband slapping .a wife incident ’ the Court of Appeals ruled that section 812 was not limited to so-called ‘ ‘ simple ” assaults.
In understanding People v. Johnson (supra) as well as the instant case, we must draw into central attention, the legislative purpose, which is to offer in family disputation ‘ ‘ not * * * criminal conviction and punishment, but practical
help * * * and that the family court is better equipped to render such help (i§ 811; People v. Johnson, supra, p. 223.) The nub of the matter is that the Family Court is a court and it is here to stay in family matters. The authority is abun *91 dantly plain that it is the arbiter of family offense, and indeed even of its initial characterization. The Family Court screens complaints of conduct between members of the same family in the first instance retaining jurisdiction over “ family offenses ” and transferring them to .a 'Criminal Court where it deems appropriate. As the Court of Appeals clearly marks: “ The Family 'Court is not, of course, to retain jurisdiction in every case of an intrafamilial assault. As the statute makes clear, ‘ If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceedings to an appropriate criminal court ’ (§ 811; also § 816). There is little danger that truly criminal conduct will be treated as a ‘ family offense ’ rather than a crime and go unpunished. An order of the Family Court which denies transfer of the family offense proceeding to a' criminal court is subject to review (Family Ct. Act, § 1012; see People v. Davis, 27 A D 2d 299, 305) and will undoubtedly be reversed if the retention of the case constitutes an abuse of discretion.” (People v. Johnson, supra, pp. 223-224.)
In People v. Johnson (supra) the Court of Appeals held that the Family Court had exclusive original jurisdiction over a felonious assault with a knife by a husband on his wife, an otherwise class 0 felony. Here, the relator Clifford was charged with ‘ ‘ Reckless endangerment in the second degree ’ ’, a class A misdemeanor and a far less serious crime. It would seem inconsistent with the thrust of the Johnson case (supra), to hold that the Family Court did not have exclusive original jurisdiction in this case because the relator had not been charged with the specific and greater crime of assault. The Practice Commentary of Richard Denzer and Peter McQuillan in McKinney’s Consolidated Laws of New York following section 120.20 of the Penal Law explains the revised statutory pattern of assault in terms of expanding the concept of recklessness. They point out that if one mischievously throws a rock through a window and hits someone inside, there is an assault. But, if no one is hit, there is a reckless endangerment. It would be absurd to turn Family Court jurisdiction on the fortuity of a person being actually hit. Is it more or less a family offense if no physical injury in fact results?
Section 812 does not specify that the charge must be assault, but merely conduct “amounting to assault”. At the time of the legislative drafting of the Family Court Act, the conduct in question was a statutory assault. The very title of article 120 of the Penal Law is “Assault and Related Offenses ”. For that matter, it appears that the conduct in question could well *92 have been charged as disorderly conduct under subdivision 1 or 7 of section 240.20 of the Penal Law. It cannot be maintained with any confidence that the characterization of ‘ ‘ family offense ” should depend on a prosecuting label fixed by the District Attorney.
The authorities in this iState clearly hold that a sister and brother-in-law are members of the same family for the purpose of vesting exclusive original jurisdiction in the Family Court (People v. Harkins, 49 Misc 2d 673 [brother-in-law]; People v. Keller, 37 Misc 2d 122 [mother-in-law]). Indeed, in the case of People v. Hasse (57 Misc 2d 59), the District Court of Suffolk County, in .a well-reasoned opinion, found conduct between a stepmother and stepdaughter to be a family offense. It is also significant to note in that proceeding that the District Court there transferred to the Family Court a complaint of aggravated harassment. (Penal Law, § 240.30, subd. 2.)
This court finds no requirement that the offending family member must be a household resident. In section 812, the description is plain and in the alternative, “ members of the same family or household ”.
The fact that Clifford fired into the house from the public sidewalk does not relieve the statutory purpose. There is no requirement that the offense take place within the home. It could not be that way, otherwise, a husband’s assault on his wife would be a family offense if done in their own apartment, but not in their car; maybe, if done in the lobby of their hotel; not, if while walking on the beach or in the park. The statutory purpose encompasses family disputation. The locale and surrounding has relevance only in the Family Court’s own determination as to whether ‘‘ the processes of the family court are inappropriate ” (Family Ct. Act, § 816). Moreover, section 818 provides for venue in the county where the act occurred or in which the family or household resides, a square recognition that the act need not take place in the home.
Clifford has correctly sought relief by way of a petition of habeas corpus (People ex rel. Doyle v. Atwell, 232 N. Y. 96, app. dsmd. 261 U. S. 590; People ex rel. Turetsky v. Jewish Bd. of Guardians, 28 Misc 2d 758). Indeed, the court stated in People ex rel. Liotta v. Morhous (283 App. Div. 836) that the limit of inquiry on a writ of habeas corpus is whether the court had the jurisdiction to enter the judgment and impose the sentence. 'The Family Court had exclusive original jurisdiction over the subject of the information, and the District Court lacked jurisdiction failing a determination by the Family Court. Similarly, Clifford’s appearance in the District Court *93 with counsel without raising the jurisdiction point was not a waiver. Lack of jurisdiction of a court to try an alleged crime is not waivable (People v. Nicometi, 12 N Y 2d 428).
There is no crime in the instance of a family offense until the Family Court makes that determination, and no jurisdiction over Clifford could have been obtained by the District Court until it was transferred to it by the Family Court. The Court of Appeals (20 N Y 2d 220, 226) stated the matter: “Plainly expressing its design that the Family Court have priority of examination into family offenses, the Legislature has provided a procedure both for enforcement of that priority and for surrender of the court’s jurisdiction where appropriate”.
The court concluded on that page as we do here: ‘ ‘ That procedure was mandatory here.”
Accordingly, the writ of habeas corpus is sustained, the conviction of relator, James Clifford, is determined to be illegal, and the matter is to be transferred to the Family Court, to be placed at the head of its calendar, subject to the Presiding Judge of that court, for proceedings under the Family Court Act. The relator, James Clifford, will be discharged from detention unless within two days after entry of this order an order of the Family Court determines otherwise.