Alfred H. Klbiman, J.
By felony complaint dated November 8,1972, the defendants Lawrence Weisman and Rosie Franciscas were each charged with the crime of assault in the second degree in violation of section 120.05 of the Penal Law. The complaint is made and sworn to by Sheila Clejan Weisman, wife of the defendant Weisman, and alleges that the defendants, acting in concert, assaulted her 11-year-old son, the issue of a previous marriage.
Before the preliminary hearing, the defendants made a motion to transfer the proceedings to the Family Court arguing that pursuant to sections 812 and 813 of the Family Court Act exclu *466 sive jurisdiction of this controversy was vested in the Family Court. The motion was denied.
At the preliminary hearing the infant testified that at about 11 p.m. he opened the lobby door of the home in which he is presently living with his mother and sister at which time he saw defendant Franciscas with a paper in her hand which he recognized to be a “ summons ”. After stating words to the effect that he was too young to accept a summons, he stated that the defendant grabbed him, knocked him to the floor and kicked him. While on the floor he first observed the defendant Weisman, who kicked him and “ jumped on his stomach ”. He further testified that the defendants called him abusive and obscene names. At the conclusion of the hearing the Assistant District Attorney consented to the reduction of the charge to assault in the third degree (Penal Law, § 120.00), and the charge of harassment (Penal Law, § 240.25) was added.
On the eve of trial, defendant Weisman moved to reconsider the original motion addressed to the jurisdiction of this court, and the defendant Franciscus joined in the motion..
For the purpose of this motion it is conceded that complainant and the defendant Weisman are lawfully married, that legal proceedings involving their marital status are pending in the Supreme Court, that complainant and her childen are living apart from the defendant Weisman in the townhouse owned individually or jointly by the said defendant, and that the alleged victim of the assault is the' stepson of defendant Weisman. Section 812 of the Family Court Act provides that ‘ ‘ The family court has exclusive original jurisdiction * * * over any j. proceeding concerning acts which would constitute * * * harassment * * * an assault or an attempted assault between spouses or between parent and child or between members .of the same family or household. ”
The preliminary question presented is whether or not, in this case, a stepson is a member of the same family or household as the terms are used in the Family Court Act. The precise question has not yet been definitely answered by our Court of Appeals.
The defendant argues that this court should follow the broad construction of the statute as enunciated in many lower court decisions in which the proceedings were transferred to the Family Court (see People v. Hasse, 57 Misc 2d 59 [Dist. Ct., Suffolk County, 1968] [stepdaughter]; People v. Harkins, 49 Misc 2d 673 [Erie County Ct., 1966] [brother-in-law] ; People v. Keller, 37 Misc 2d 122 [Dist. Ct., Nassau County, 1962] [mother- *467 m-law]). However, in 1969 in People v. Williams N Y 2d 274, 281), the court, in its first decision interpreting section 812 of the Family Court Act, held that the “ family ” and “ household ” categories were to be read to confer jurisdiction on the Family Court over disputes arising in relationships which are characterized by ‘ a unity of living arrangement, and of social, economic, and, perhaps, legal interdependence.” (Emphasis mine). In 1970 in People v. Allen (27 N Y 2d 108, 112), our highest court narrowed further the construction of these categories by limiting the jurisdiction of the Family Court arising in relationship “ only where there is legal interdependence.”
Assuming, arguendo, that there was a unity of living arrangement and social and economic interdependence, I hold that there is no such legal interdependence, between a stepfather and stepson. The court is unable to accept the argument that such legal interdependence exists by reason of section 415 of the Family Court Act which may place responsibility of support on a stepfather if his stepson should become a recipient of public assistance or welfare. The fact that support proceedings may be instituted upon such contingent circumstances is not sufficient to create such legal interdependence as would confer jurisdiction upon the Family Court (People v. Allen, 27 N Y 2d 108, supra.). While the argument has been made that the Family Court is the proper forum for deciding the jurisdictional issue (“ Jurisdiction Over Intra-Family Offenses,” 45 N. Y. U. L. Rev. 345, 349, 366), the court in the Allen case, to the contrary, made it clear that while not controlling in its decision, it was concerned with avoiding pretrial hearings in the Family Court to determine such jurisdictional issues {supra, p. 113).
I conclude that the Family Court does not have exclusive original jurisdiction of this complaint.
In view of the above, the court finds it unnecessary to decide the issue as to whether or not the charge of acting in concert with another over whom the Family Court does not have jurisdiction, is grounds for denial of this motion.
Accordingly, the motion to reargue is granted and upon such argument the original decision is adhered to.
The alternative motion of defendant Franciscus for a separate trial is denied, no good cause for same having been shown. (CPL 100.45, 200.40.)
The trial will proceed without further delay on January 8 in All Purpose Part 8.