■ ARTHUR B. CHIARELLO, Appellant, v CHARLOTTE D. CHIARELLO, Respondent.—Appeal from a judgment of the Supreme Court, entered September 15, 1975 in Albany County, upon a decision of the court at a Trial Term without a jury. On September 8, 1972, plaintiff commenced this action by service of a summons captioned "Action for Divorce" with a notice setting forth the grounds therefor as being adultery and cruel and inhuman treatment. In the subsequent complaint, however, facts were alleged to support only the ground of cruel and inhuman treatment while a second cause of action was also alleged for an annulment on the ground of fraud. For her part, defendant counterclaimed for divorce on the grounds of adultery and cruel and inhuman treatment and also sought alimony and counsel fees. After a trial without a jury, the annulment action was dismissed for failure of proof, and the court granted a judgment of separation to both plaintiff and defendant. In so doing, it awarded defendant alimony in the sum of $25 per week and counsel fees in the sum of $1,250 and further ordered that an existing Rensselaer County Family Court order providing for payments by plaintiff of $40 per week for the support and maintenance of defendant's four children continue in full force and effect. This appeal ensued. Under our review of the record in this case pursuant to CPLR 5501 (subd [c]), we find that plaintiff should have been granted a divorce on the ground of cruel and inhuman treatment. We are concerned here with a union of short and stormy duration from the marriage on April 27, 1972 until the final separation on August 24, 1972. Moreover, during this four-month period the parties were separated for approximately six weeks following a quarrel. The record further indicates that defendant continued to have contact with a former boyfriend after her marriage to plaintiff and that she expressed to plaintiff her desire to continue this relationship. Additionally, during the course of a violent argument between the parties on August 24, 1972, defendant struck plaintiff on the head with a mirror, causing cuts and bruises, and threatened his life with a kitchen knife if he did not leave the residence. Under such circumstances, plaintiff was entitled to a divorce as demanded in his complaint (cf. *John W. S. v Jeanne F. S.,* 48 AD2d 30). As a corollary to this result, we must reverse the award of alimony to defendant *(Mellen v Mellen,* 46 AD2d 790), as well as the award of child support, since plaintiff's relationship of stepparent to defendant's children is terminated by the divorce *(Matter of Cynthia M. v Elton M.,* 69 Misc 2d 653). Pursuant to section 237 of the Domestic Relations Law, we affirm the award to defendant of counsel fees. Judgment modified, on the law and the facts, by vacating the grant of a separation to both parties and the awards of alimony and support, and by granting a judgment of divorce in favor of plaintiff, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.