Arthur J. Abrams
This misdemeanor information alleging the perpetration of an assault third by one Susan O’Toole and another upon the person of one Cathy O’Toole was transferred to the Family Court by the District Court, the County of Suffolk, First District.
Briefly stated, the facts are as follows: Cathy O’Toole went to a bar with her parents and brother where she saw respondent, Susan O’Toole, her brother’s wife. Susan and Cathy’s brother had been separated for some time. It is alleged by Cathy that she was assaulted by Susan and another in a parking lot outside the bar. Susan and Cathy do not reside in the same house.
At this juncture, there is only one question before the court: Whether the assault by one sister-in-law upon another constitutes a family offense within the meaning of article 8 of the Family Court Act.
Section 812 of the Family Court Act is the applicable *765 statute and provides "The family court has exclusive original jurisdiction * * * over * * * an assault * * * between members of the same family or household.”
As stated in section 811 of the Family Court Act the purpose of the Legislature in enacting article 8 of the Family Court Act is to strengthen and preserve the family unit and marriage without resort to criminal procedures. (People v Allen, 27 NY2d 108 [1970].)
Counsel for the petitioner in the instant proceeding has cited two cases in support of the proposition that the facts in this case do not fall within the ambit of section 812 of the Family Court Act and, thus, this court has no jurisdiction herein. The two cases cited are People v Williams (24 NY2d 274 [1969]) and Klemes v Sohnen (32 AD2d 935 [1969]).
The Williams case involved an assault by a nephew (age 30) upon his uncle. The uncle owned a house in which the defendant’s mother, his grandparents and the defendant lived. The uncle did not reside in the house. The assault occurred when the uncle was trying to evict the nephew. In determining that the assault was not a "family offense” within the meaning of article 8, the court found "critical” the fact that the uncle was not a resident of the same household or living arrangement as the nephew and that the assault could be characterized as proving, to a greater degree, out of the tenancy in the house rather than out of the intimate family relationship.
The Appellate Division, Second Department, in making its decision in the Klemes case (supra) and citing the Williams case (supra), of necessity, had to have concluded that "in-laws” are not "members of the same family”.
Other cases considering the applicability of article 8 to offenses involving in-laws are People ex rel. Clifford v Krueger (59 Misc 2d 87 [1969]), People v Keller (37 Misc 2d 122 [1962]) and People v Harkins (49 Misc 2d 673 [1966]). In the Krueger case the Supreme Court, Nassau County, determined that, where the defendant fired a shotgun into the home of his sister and brother-in-law and the defendant did not reside in the house, a family offense situation existed and the case was transferred to the Family Court. In the Keller case, the District Court, Nassau County, decided that where the defendant assaulted his mother-in-law, the mother-in-law was a member of his "family” within the meaning of section 812 even though the mother-in-law did not reside with defendant. *766 In Keller, the court reasoned that the incident between defendant and his mother-in-law would never have occurred were it not for the marriage between defendant and complainant’s daughter and it should therefore be resolved in Family Court as a family offense. In Harkins, the Erie County Court concluded that an indictment charging defendant with assaulting his brother-in-law in defendant’s home should be dismissed and the matter transferred to Family Court. The court held that the brother-in-law was a member of defendant’s family and that the term "family” in section 812 was not meant by the Legislature to be used in its classical sense (blood relatives).
All of the above cases were decided prior to 1970 when People v Allen (27 NY2d 108, supra) was heard by the Court of Appeals. The Allen appeal actually involved three defendants convicted of criminal offenses who appealed their convictions on the ground that their cases came within the purview of section 812 of the Family Court Act and should have been transferred to Family Court by the Criminal Court. All defendants had lived with their victims in a common living arrangement for substantial periods of time (in one case as long as 11 years), had sexual relations in the common residence, and one defendant had had two children by his victim. The court was called upon to determine whether these circumstances fit into "family” or "household” categories.
The court denied the appeals and upheld the convictions upon the ground that article 8 of the Family Court Act had as its objective "the preservation of the family unit” and since none of the defendants lived in a legal family relationship there was no family unit to be preserved. The court stated (p 112) as follows:
"We read the 'family’ and 'household’ categories of section 812 to confer jurisdiction on the Family Court over disputes arising in relationships only where there is legal interdependence, either through a solemnized marriage or a recognized common-law union”.
This interpretation would seem to ignore the placement by the Legislature of the disjunctive "or” between. the words "family” and "household”. The court seemingly is saying the parties must have a legal family relationship in addition to a common living arrangement (household) or article 8 is inapplicable.
In our opinion, this double criteria was not intended in all *767 family offense matters and it appears that the Court of Appeals has set forth a standard in no way contemplated by the Legislature when the section was adopted. One wonders if our highest court had not utilized a cannon when a rifle would have been more than sufficient to retain jurisdiction in the criminal court. We agree with the reasoning set forth in the Keller and Harkins decisions (supra); however, the Appellate Division, Second Department, confronted with facts very similar to ours stated otherwise. Thus, following Klemes v Sohnen (supra) we forthwith retransfer this matter to the appropriate criminal court.