■ JOSEPH GOZELSKI, Appellant, v WYOMING COUNTY et al., Respondents—Judgment unanimously affirmed, without costs. Memorandum: Plaintiff operated a potato farm in Wyoming County and irrigated his land with water pumped on the premises. The county defendants believed that plaintiff was diverting water from Oatka Creek, the water source for the Village of Warsaw. Defendants obtained, ex parte, a temporary restraining order (TRO) which authorized the Sheriff to remove the water pump from plaintiff's premises. As a result of plaintiff's inability to irrigate his land for the week in which the TRO was in effect, plaintiff lost his potato crop and sued for damages. Defendants' motion for a directed verdict was granted on the ground that plaintiff failed to establish a prima facie case of trespass. We affirm.

Plaintiff's complaint, liberally construed and given every favorable inference *(see, Dulberg v Mock,* 1 NY2d 54), may be deemed to allege not only a trespass, but also a cause of action for wrongful abatement of a nuisance *(see, People ex rel. Copcutt v Board of Health,* 140 NY 1). The gravamen of the complaint is that the village and county defendants are liable for seeking abatement of an asserted nuisance which did not in fact exist, or, at least, which plaintiff did not cause.

In the *Copcutt* case *(supra),* relied on by plaintiff, the Yonkers Board of Health acted without resort to the courts and directly ordered the Westchester County Sheriff to remove several river dams, two of which Mr. Copcutt owned. The Board determined that the dams were a public nuisance even though Mr. Copcutt argued that the nuisance did not in fact exist. The court, in recognizing a cause of action for wrongful abatement of an asserted nuisance, expressed concern that "[i]f the decisions of these boards were final and conclusive, even after a hearing, the citizen would in many cases hold his property subject to the judgments of men holding ephemeral positions in municipal bodies and boards of health, frequently uneducated and generally unfitted to discharge grave judicial functions" *(People ex rel. Copcutt v Board of Health,* 140 NY 1, 7, *supra).*

That concern is not present in the instant case because the defendants were acting pursuant to a court order. The fact that the order was issued ex parte does not, by itself, deny plaintiff his property without due process of law *(see, Mitchell v Grant Co.,* 416 US 600). Plaintiff's recourse here was to move to modify or vacate the temporary restraining order (CPLR 6314). Having failed to do so, he is not now entitled to a new trial on a cause of action which he neither argued nor established before the trial court. (Appeal from judgment of Supreme Court, Wyoming County, Morton, J.—trespass—nuisance.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Pine, JJ.