■ In the Matter of GARY NADEAU, Respondent, v CARMEN SULLIVAN, Appellant. [612 NYS2d 501] —Yesawich Jr., J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered April 8, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of a temporary order of protection.

On February 2, 1992, petitioner filed a petition in Family Court alleging that respondent, his 18-year-old stepson, had engaged in harassing, menacing and assaultive behavior toward him. Family Court issued a temporary order of protection, directing respondent to refrain from engaging in any such activities or disorderly conduct, and to stay away from those portions of the Hitching Post Inn (hereinafter the Inn)— an establishment owned by petitioner, at which respondent resides—used for business and commercial purposes.

Shortly thereafter, petitioner filed a second petition, charging that respondent had violated the order of protection by throwing a string of exploding firecrackers from a window

over petitioner's head while the latter was sorting bottles on a delivery ramp at the Inn. After a hearing, Family Court found that respondent had willfully violated the order of protection and ordered him to serve 30 days in the County Jail. Respondent appeals from this order, which was stayed pending appeal.

Preliminarily, it is necessary to consider respondent's contention that Family Court does not have jurisdiction over these matters, involving, as they do, the claimed assault and harassment of a stepfather by his stepson. Resolution of this issue turns on whether petitioner and respondent, who do not share the same living quarters, may be considered "members of the same family or household", as that term is used in the Family Court Act (Family Ct Act § 812 [1]). Although in several early cases this limitation was quite narrowly defined (see, People v Williams, 24 NY2d 274; Klemes v Sohnen, 32 AD2d 935; People v Weisman, 72 Misc 2d 465), the Legislature has, in the interim, added to the statute a definition of "family or household" which includes "persons related by consanguinity or affinity" (Family Ct Act § 812 [1] [a]), and has twice amended that definition to broaden its reach (see, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 812, at 136). As a result, the statute now clearly encompasses the relationship between petitioner and respondent, which is one by affinity and of the first degree (see, Black's Law Dictionary 59 [6th ed 1990]; see also, Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 812, at 138-139).

We reject also respondent's argument that, by granting a temporary order of protection without first holding a fact-finding hearing, Family Court violated his right to due process of law. The order of protection did not involve an adjudication of the merits of the petition, nor did it constitute a finding of wrongdoing. The mere fact that it was entered ex parte does not, without more, establish that respondent was denied due process of law (see, Gozelski v Wyoming County, 115 AD2d 1000, 1001, appeal dismissed 67 NY2d 1027). Moreover, although respondent recites in his brief that he moved to modify or vacate the order, and that a hearing thereon was scheduled for June 3, 1992—two months after the hearing on the violation petition—but was not held, this matter is not properly before us because none of this appears in the record (see, Katz v Katz, 68 AD2d 536, 541).

As to the merits, the record evidence supports, beyond a reasonable doubt, Family Court's determination that respon-

dent violated the temporary order of protection in that he willfully engaged in disorderly conduct *(see,* Family Ct Act § 812 [1]; Penal Law § 240.20) directed toward petitioner. In addition to petitioner's testimony that the firecrackers were thrown from the window above his head, and that respondent was the only person on the second floor of the building at the time, respondent himself admitted having set off the firecrackers. His assertion that he tossed them out a different window merely presented a question of credibility, which Family Court explicitly resolved in favor of petitioner.

Finally, given the totality of the circumstances and the reckless manner in which respondent acted, we do not find the penalty imposed to be excessive.

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.