[653 NYS2d 992]

In the Matter of SUSAN D. ORELLANA, Respondent, v MARIO A. ESCALANTE, Appellant.

Fourth Department, February 7, 1997

APPEARANCES OF COUNSEL

*Crimi & Crimi,* Rochester *(Joseph Crimi* of counsel), for appellant.

*Monroe County Public Defender's Office,* Rochester *(Kathleen J. Gray* of counsel), for respondent.

## OPINION OF THE COURT

GREEN, J.

Petitioner commenced this proceeding pursuant to article 8 of the Family Court Act, seeking an order of protection against respondent, her former stepfather. Petitioner alleged in her petition that respondent committed acts that would constitute harassment in the first degree (*see,* Penal Law § 240.25). At the fact-finding hearing, petitioner testified that respondent had stalked her on several occasions in the spring of 1995. Petitioner further testified that respondent had been convicted of raping her in 1985, the year respondent and petitioner's mother were divorced. At the time of the rape, petitioner was 11 years old.

Upon finding that respondent committed a family offense (*see,* Family Ct Act § 812 [1]) and that aggravating circumstances existed (*see,* Family Ct Act § 827 [a] [vii]), Family Court granted an order of protection for a period of three years (*see,* Family Ct Act § 842). The sole issue before us is whether the court had jurisdiction to grant that relief. We hold that, because the parties are not "members of the same family or household" as that term is defined in section 812 (1) of the Family Court Act, the court lacked subject matter jurisdiction over this proceeding.

Family Court is a court of limited jurisdiction (*see,* NY Const, art VI, § 13). Its jurisdiction over family offense proceedings, which it shares with the criminal courts, extends to certain forms of criminal conduct "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1]; *see,* CPL 530.11 [1]). Because the parties are not spouses, former spouses or parent and child, the court had jurisdiction only if petitioner and respondent are "members of the same family or household." The statute defines that term as:

"(a) persons related by consanguinity or affinity;

"(b) persons legally married to one another;

"(c) persons formerly married to one another; and

"(d) persons who have a child in common regardless whether such persons have been married or have lived together at any time" (Family Ct Act § 812 [1]; *see*, CPL 530.11 [1]).

The parties do not fall within any of the classes of persons set forth in the statute. While respondent and petitioner's mother were married, the parties were persons related by affinity and thus members of the same family or household for the purpose of a family offense proceeding (*see, Matter of Nadeau v Sullivan*, 204 AD2d 913, 914). As long as the relationship between stepfather and stepdaughter continued, the parties came within the statutory definition regardless of whether they shared the same living quarters (*see, Matter of Nadeau v Sullivan, supra*, at 914). By definition, however, a relation of affinity is based upon marriage (*see*, Black's Law Dictionary 59 [6th ed 1990]) and divorce destroys the foundation of that relation. Thus, the relation of affinity between stepparent and stepchildren terminates upon the divorce of the parent and stepparent (*see, Chiarello v Chiarello*, 51 AD2d 1089; 45 NY Jur 2d, Domestic Relations, § 343; *see also, Matter of Eckhardt v Eckhardt*, 37 AD2d 629; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 415, at 105 [limited duty of stepparent to support stepchildren does not survive a divorce from the legal parent]). The court, therefore, lacked jurisdiction to entertain the application by petitioner for an order of protection against her former stepfather.

In conclusion, we note that the Legislature has, on three occasions, broadened the definition of "members of the same family or household" in order to fill perceived gaps in jurisdiction over family offense proceedings (L 1980, ch 530, § 5 [substituting relations of affinity in the third degree for relations in the second degree]; L 1981, ch 416, § 14 [omitting all reference to degree of affinity]; L 1984, ch 948, § 7 [adding former spouses and persons who have a child in common]; *see*, Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 812, at 136; 1984 Supp Practice Commentary, 1997 Pocket Part, at 56). In the last three years, the Legislature has also enacted sweeping reforms aimed at expanding the levels of protection and resources available to victims of domestic violence (*see*, L 1996, ch 85; L 1995, ch 483; L 1994, ch 222 [Family Protection and Domestic Violence Intervention Act of 1994]).

With respect to the extension of services to victims of domestic violence, moreover, the Legislature has drawn a broad defi-

nition of "family or household" members that encompasses the four categories in the family offense provisions in the Family Court Act and the Criminal Procedure Law (*see*, Family Ct Act § 812 [1]; CPL 530.11 [1]). In the Domestic Violence Prevention Act (Social Services Law art 6-A), the definition of "family or household members" also includes "unrelated persons who are continually or at regular intervals living in the same household or who have in the past continually or at regular intervals lived in the same household" (Social Services Law § 459-a [2] [e]) and "unrelated persons who have had intimate or continuous social contact with one another and who have access to one another's household" (18 NYCRR 452.2 [g] [2] [vi]; *see*, Social Services Law § 459-a [2] [f]). The parties in the instant proceeding fall within the broader definition of the Domestic Violence Prevention Act, as "unrelated persons * * * who have in the past continually * * * lived in the same household" (Social Services Law § 459-a [2] [e]). Thus, petitioner would be considered a "victim of domestic violence" under that legislation. Until the Legislature expands the definition in the provisions governing family offense proceedings, however, Family Court has no jurisdiction to grant her an order of protection against her former stepfather.

Accordingly, the order should be reversed and the petition dismissed.

DENMAN, P. J., PINE, CALLAHAN and BOEHM, JJ., concur.

Order unanimously reversed, on the law, without costs, and petition dismissed.