OPINION OF THE COURT
James W. Morgan, J.
Before the court is the petition of petitioner alleging a family offense and requesting an order of protection. The petitioner alleges as the basis of jurisdiction that the parties have a child in common, who resides with her. The “child” of the parties had previously been adopted by the parents of the petitioner.
Family Court Act § 812 was broadened in 1984 (L 1984, ch 948, § 7) to give Family Court jurisdiction over cases involving persons formerly married to each other and over persons who have a child in common, which is included in the definition of “members of the same family or household” (Family Ct Act *58 § 812 [1]). Family Court Act § 822 (a) defines who may initiate a family offense proceeding as “Any person in the relation to the respondent of spouse, or former spouse, parent, child, or member of the same family or household”. The Supreme Court, Appellate Division, Fourth Department, held in Matter of Orellana v Escalante (228 AD2d 63), that the relationship of affinity between stepparent and stepchildren terminates upon the divorce of the parent and the stepparent. The Court went on to state that the Legislature has broadened the definition of “ ‘members of the same family or household’ ” (at 65) on three occasions in response to perceived gaps in jurisdiction over family offense proceedings.
The Court therein stated that the Legislature has expanded the levels of protection and resources available to victims of domestic violence, and the Domestic Violence Prevention Act (Social Services Law art 6-A) extends to unrelated persons who are continually or at regular intervals living or have lived in the same household. The Appellate Division found that until the Legislature “expands the definition in the provisions governing family offense proceedings * * * Family Court has no jurisdiction” to grant an order of protection against a former stepfather (supra, at 66).
In extending the law of the above case, the parent/child relationship severs upon adoption pursuant to Domestic Relations Law § 117 (1) (a). Therefore, the parties no longer have a “child” in common as defined in the statute, and the petitioner lacks standing to file a petition, and the court therefore lacks jurisdiction over this proceeding.
Accordingly, on the court’s motion, it is hereby ordered that the petition is dismissed for lack of jurisdiction.