In the Matter of REBECCA DULANTO, Appellant, v MIRVELLA DULANTO, Respondent. [714 NYS2d 748] —In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Westchester County (Cooney, J.), dated March 31, 1999, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

On November 20, 1998, the petitioner filed a family offense petition against the respondent, who was then her stepdaughter, alleging that the respondent had committed acts constituting harassment in the second degree. The Family Court dismissed the proceeding without a hearing, concluding that it could not exercise jurisdiction over the matter because the petitioner and the respondent were not blood relatives and did not reside together. On appeal, the petitioner correctly contends that at the time the Family Court dismissed this proceeding, she and the respondent were persons related by affinity, and thus members of the "same family or household" as that term is used in the Family Court Act (see, Family Ct Act § 812 [1] [a]; Matter of Orellana v Escalante, 228 AD2d 63; Matter of Nadeau v Sullivan, 204 AD2d 913). Accordingly, at the time of dismissal, the Family Court had jurisdiction over this matter. However, it is undisputed that following the dismissal of this proceeding, the marriage between the petitioner and the respondent's father was dissolved by divorce. Thus, the relationship of affinity between the petitioner and the respondent has been terminated, and the Family Court no longer has jurisdiction to entertain an application by the petitioner for an order of protection against her former stepdaughter (see, Matter of Orellana v Escalante, supra; see also, Chiarello v Chiarello, 51 AD2d 1089; Eckhardt v Eckhardt, 37 AD2d 629). Under these circumstances, we dismiss the appeal as academic. O'Brien, J. P., Krausman, Luciano and Schmidt, JJ., concur.